THE STATE OF KANSAS v. C. N. DAUGHERTY.

No. 12,575.   (65 Pac. 695.)

SYLLABUS BY THE COURT.

1. CHANGE OF VENUE — *Case Followed.* The rule relative to sustaining an application for a change of venue, as laid down in *The State v. Furbeck*, 29 Kan. 532, approved and applied.

2. JURY AND JURORS — *Competency.* Not portions only, but all of the answers of a juror being examined upon his *voir dire*, must

be looked to in order to ascertain his competency, and, upon such consideration in this case, it is held that certain jurors objected to were competent, under the rules laid down by this court.

3. CRIMINAL PRACTICE—*Presence of Defendant—Presumptions upon Review.* While it is necessary that a defendant on trial for a felony should be present at all stages of the trial, a record that does not show affirmatively his absence, but is simply silent upon that point, does not show error in the proceedings of the trial court. This is especially so where the record affirmatively shows the presence of the defendant at the commencement and close of the trial. In either case, the presumption is that he was present at all stages thereof.

4. —————— *Jury and Jurors—Presumptions upon Review.* The same presumption of regularity prevails as to the matter of admonishing the jury as directed by the statute upon each separation, where the record is silent; and this is so even though the record shows that the jury were instructed to be in their seats at a given time, the expression of the one not indicating the omission of the other.

5. RAPE—*Certain Testimony Held Competent.* In the trial of a person charged with statutory rape, the fact that the prosecuting witness made timely complaint of the outrage committed upon her may be shown where it further appears that the acts of the defendant would constitute the crime of rape as defined by the common law.

6. —————— *Common Law and Statutory.* Where a man forty years of age, the foster-father of a female child between twelve and thirteen years of age, in a secluded place, in the night-time, lifts her from a horse on which she had been riding, lays her upon the ground, and, despite her request that he desist, has carnal knowledge of her, he is guilty of the crime of rape as defined by the common law as well as of that known as statutory rape.

7. —————— *Errors in Admission of Evidence Cured.* In prosecutions for the crime of rape, neither the name of the assailant nor the details of the transaction, as given by the assailed, may be repeated in evidence by the party to whom she made timely complaint; but where the court has permitted the name of the assailant so to be given, the error is cured where, upon cross-examination of the same witness, the defendant draws out the circumstances in detail and the name of the assailant; and especially is this so when the court, at the request of the defendant, withdraws from the consideration of the jury the testimony of such witness in this respect.

Appeal from Comanche district court; E. H. MADI-SON, judge.   Opinion filed July 6, 1901.   Division two.   Affirmed.

### STATEMENT.

APPELLANT, a man about forty years old, was upon his trial in the district court of Comanche county upon a complaint charging statutory rape committed upon the person of his foster-daughter, a child between twelve and thirteen years of age.   The child had been living with appellant and wife since she was four or five years old.   From the evidence, it appears that one evening, about nine or ten o'clock, he, with the child, both riding horses, started to go to the home of a neighbour, about one mile away, where the wife of appellant was assisting in caring for a sick child.   In making the trip they took the longer and more se-cluded of two ways and arrived at the neighbor's house somewhere about midnight.   On the way, as the child testifies, appellant stopped the horses and took her from the one she was riding, laid her down on the ground, and, despite her protestations, had sexual commerce with her.   Upon arriving at the neighbor's house the wife of appellant, the foster-mother of the child, desiring to know of the child why they were so late, was told by her of the transaction which had taken place on the way.   The jury found the appellant guilty, and he was sentenced to serve a term in the penitentiary.   From this conviction he appeals, and assigns many errors.

*A. A. Godard*, attorney-general, and *J. S. West*, for The State.

*J. C. Wilson*, *J. W. Perry*, and *Dick H. Rich*, for appellant.

The opinion of the court was delivered by

CUNNINGHAM, J.: An application for a change of venue was made and overruled. It was supported by a large number of affidavits which tended to show the hostile feeling of the inhabitants of the county against the appellant, and generally expressed the opinion that he could not obtain a fair and impartial trial by reason thereof.

1. Change of venue —matter of discretion.

These affidavits very generally followed the same form, and were evidently prepared in bulk by attorneys and signatures obtained to them. A less number of affidavits were filed by the state, some made by officials of the county, showing a general acquaintance with the people of the county, all of them tending to disprove the facts and conclusions stated in the affidavits filed by appellant. Of necessity, the question of a change of venue, depending as it does upon matters of fact, must be left very largely to the sound discretion of a trial court. The rule as laid down in this court is:

"Before a court is justified in sustaining an application for a change of venue on account of the prejudice of the inhabitants of the county, it must affirmatively appear from the showing that there is such a feeling and prejudice pervading the community as will be reasonably certain to prevent a fair and impartial trial." (*The State v. Furbeck*, 29 Kan. 532.)

This rule necessarily carries with it the duty of the trial court to determine, upon a full consideration of the entire showing, whether such a state of feeling does exist. It calls for the exercise of a sound judicial discretion. The presumptions are in favor of the correctness of the conclusions reached. In this case we cannot say that, upon the showing made, appel-

lant was entitled to a change of venue, or that the trial court abused its sound discretion in refusing the same.

Appellant claims that the trial court erred in over-ruling his challenges to four jurors whom he contends were shown to be incompetent on their *voir dire*. Without quoting this examina-

2. Competency of jurors

tion, we may say that we do not think that such examination shows the incompetency of the challenged jurors to sit. Selected portions of their examination may show that they had formed or expressed some opinions as to some of the material facts in the case, but upon the whole of such examination it does not so appear. They had heard the matter talked of to some extent, and had each, perhaps, some impression as to the case, but not such an impression as under the rules of this court disqualified them to sit as jurors. All expressed themselves as being satisfied that they could render a fair and impartial verdict after hearing all of the evidence, and their willingness to be tried, if they were arraigned upon a criminal charge, by men of as unbiased minds as they themselves possessed. We think these jurors were competent under the rules heretofore laid down by this court.

More serious questions arise in the fourth and fifth assignments of error, and as they are analogous, they will be considered together. The record

3. Presence of defendant—presumption upon review.

fails to show affirmatively that the appellant was present at all times during the trial. Nor does it show affirmatively that the jury were admonished, as required by statute, upon each separation. It does show that the defendant was arraigned and pleaded "not guilty," and it also shows that he was present when sentence was pronounced.

The appellant insists that, as it is necessary that the defendant should have been present at all stages of the trial below, in the absence of a showing that he was so present it must be presumed that he was not, and that therefore the record shows affirmative error.

He cites many authorities in support of his contention and might have cited more, and we are free to admit that the weight of authority is with him in this contention, but neither the many authorities nor the reasons given therein for the rule convince us of its soundness. The reason generally given is that the rights of one charged with a crime must be very jealously guarded by the courts, and with this statement we find no fault. It is only to its application that we object. It is not a case of guarding the rights of one charged with a crime. If we might say that the want of showing that he was present proves that he was absent, then our way would be clear, but we do not think this to be the correct rule. Errors are not presumed ; presumptions are to the contrary. This court has decided the rule to be different from that insisted upon by the appellant. In *The State v. Potter*, 16 Kan. 98, where it was urged that the defendant must be present in court when an application for a change of venue in a criminal case was heard, and where the record did not show that he was so present, the court, in passing upon the question, said :

"But even if it were necessary, we would presume in favor of the regularity and validity of the proceedings of the court below, where there is nothing to show the contrary, that the defendant was personally present in the court when said change of venue was granted." (See, also, *McCartney v. Wilson*, 17 Kan. 297 ; *The State v. English*, 34 id. 629, 9 Pac. 761 ; *The State v. Baldwin*, 36 id. 1, 12 Pac. 318.)

Upon this proposition this court does not stand

The State v. Daugherty.

alone.   See *People v. Sing Lum*, 61 Cal. 538 ; *People v. Cline*, 83 id. 374, 23 Pac. 391 ; *People v. Collins*, 105 id. 504, 39 Pac. 16 ; *Rhoads v. The State*, 23 Ind. 24 ; *The State v. O'Hagan*, 38 Iowa, 504 ; *The State v. Kline*, 54 id. 183, 6 N. W. 184 ; Ell. App. Proc. § 291.

Other courts have held that where the record shows the presence of the defendant upon arraignment and his presence at the time of sentence the reasonable presumption is that he was present during the entire trial, and therefore hold that a record showing these facts is sufficient.   (*Martin v. State* [Fla.], 27 So. 865 ; *Bolen v. The People*, 184 Ill. 338, 56 N. E. 408 ; Ell. App. Proc. §§ 291, 725 ; *Welsh v. The State*, 126 Ind. 71, 25 N. E. 883 ; *Bartlett et al. v. State of Ohio*, 28 Ohio St. 669 ; *Bond v. State*, 63 Ark. 504, 39 S. W. 554, 58 Am. St. 129.)

We are well satisfied that the rule quoted from *The State v. Potter*, ante, sustained as it is by a number of very respectable authorities, is the better one ; and this leads us to the further conclusion, for the same reason, that the silence of the record as to the matter of ad-

4. Admonishing the jury — presumption upon review.

monishing the jury is likewise not a sufficient ground for reversal, though perhaps in this matter there is more ground for the contention of the appellant, in this, that the record does show that the jury were permitted to separate, and showing this much, without adding that they were admonished, appellant claims is an affirmative showing that they were not so admonished.   We, however, do not agree with this contention, and hold that the silence of the record in this respect, as well as in the other matter, does not affirmatively show error.   (*The State v. Rogers*, 56 Kan. 362, 43 Pac. 256.)

Upon the trial, Sarah A. Daugherty, wife of the ap-

pellant, was permitted to testify, over the objection of the appellant, that the little girl made complaint to her of the treatment she had received from appellant the evening of the transaction, and it is now insisted that, while this evidence is admissible in cases of rape as defined by the common law, it is not admissible in cases of statutory rape ; that the reason why it is admissible in the former cases is based upon the fact that in those force is used in the accomplishment of the crime, and that the promptings of the person outraged is to make complaint at the first opportunity, and that, as in statutory rape, force is not necessarily concomitant ; therefore, the reason failing, the rule fails also, and evidence of such complaint would be ordinary hearsay testimony. Admitting for the purposes of this case that the contention is correct, it could be carried no further than the facts of the case would necessarily carry it, so that when force was shown the common law rule would obtain.

5. Proof of timely complaint admissible.

We do not hesitate to say that, under the evidence of the state in this case, the appellant was guilty of the crime of rape as known at common law. He took the child from the horse she was riding, laid her down on the ground, and proceeded to the accomplishment of his purpose, although she protested. They were far away from any one to lend her aid or protection. She yielded to the forcibly expressed wish of one who stood to her in the place of a father. She had been accustomed to give to his ordinary commands ready obedience. It can well be said that she had no will to assert against his. What he did was as much the overpowering of her will and the accomplishment of his purpose thereby as though the strength of a full-

6. Both common-law and statutory rape.

The State v. Daugherty.

grown woman had been in her body and she had exerted it all to prevent the accomplishment of his purpose. (*Bailey v. The Commonwealth*, 82 Va. 107, 3 Am. St. 87.)

Surely the facts of this case bring it fully within the rule applicable to ordinary cases of rape. There can be no question but that the defendant might have shown the absence of complaint for the purpose of weakening the testimony of the girl, and, as the complaint to her foster-mother was made within five or ten minutes after her arrival at the neighbor's house, and as soon as opportunity would permit it to be made, we think the admission of evidence of it was not error.

While testifying to the fact of this complaint having been made, Mrs. Daugherty was also permitted, over the objection of the appellant, to tell the name of the person whom the child claimed had committed the outrage upon her, to wit, the appellant. On the cross-examination of the same witness, the defendant had her narrate all the details of the transaction as given to her by the child, and also to repeat the name of the defendant in connection therewith. The child was also a witness upon the trial and narrated the whole transaction in detail, and gave the name of the appellant as the guilty person. It is unquestionably the rule in cases of this kind that nothing beyond the fact that the prosecuting witness had made complaint can be testified to. The name of the offender and the details of the transaction may not be repeated by the one to whom complaint has been made; but, in this case, we think the error in permitting Mrs. Daugherty to testify that the child told her that it was appellant who committed the outrage upon her was cured by the fact that the defendant took the matter up on the cross-examina-

7. Errors in evidence cured.

tion and drew out of the witness all of the details. More than this, the court withdrew this objectionable evidence from the jury, upon the request of counsel for the defendant.    Upon such request the jury were instructed as follows :

"Oh, yes, the court instructs you and requests you to disregard the question and answer and not consider it at all in your deliberations, but you may consider the fact of complaint being made, the fact that she did state, if you find that to be a fact, that some one had had intercourse with her that night."

It is strongly insisted, however, that the withdrawal of incompetent evidence does not cure the error resulting from its admission.    Without deciding this question, we may say that in this case the defendant is not in a position to complain, for he is as much responsible for the introduction of the objectionable evidence as is the state.

The language of the court quoted above is complained of as being an oral instruction to the jury and consequently a violation of the rule that instructions

8. Oral instruction not error.

must be given in writing.    This language was used, as we have already seen, in connection with the discussion concerning the admissibility of the evidence of Sarah A. Daugherty, relative to what the child had told her had taken place that night, and occurred during the progress of the trial, and to a degree, at least, upon the request of the appellant.    Any ruling of the court relative to the admission or rejection of evidence may in some degree be considered an instruction upon the law of the case, and especially so where the court gives a reason for the admission or rejection of such evidence, but we fail to see how such statements may reasonably be deemed to be instructions in the case.    It

The State v. Daugherty.

would have been entirely proper for the court to have embodied this direction to the jury in a written instruction and given it to them at the close of the trial, yet we think that ordinarily an error committed in permitting the introduction of evidence would be more surely cured by its prompt withdrawal in the manner in which it was here done.

The defendant's theory of defense was that his wife had procured the child to make the complaint, so that the wife might procure a divorce and get his property away from him ; so the question of the amount of his property became to some extent a material one upon the trial. The defendant was asked upon cross-examination this question : "You have n't got any property, have you, Mr. Daugherty?" He answered, "I guess not." Thereupon the further question was asked : "Have n't you filed a petition in bankruptcy, in which you say you are insolvent and have no property?" This was objected to, for the reason that, this petition being in writing, it would be the best evidence as to what it contained. The rule contended for is not disputed, but we think it has no application here. The answer to the first question was somewhat equivocal, and it was only for the purpose of rendering it more certain that the later question was asked. The question was not so much for the purpose of showing the contents of the petition in bankruptcy as for the purpose of showing the fact that it had been filed. We do not think the question objectionable. In this connection, we may say that we find no error in the admission of the evidence of the witness Bert Smith.

Exceptions are taken to the giving of several of the instructions. We have given them careful consideration and find no error therein.

Upon the whole record, we conclude that the appellant has had a fair and impartial trial under the law, and therefore affirm the judgment of the court below.

SMITH, ELLIS, JJ., concurring.