## THE STATE OF KANSAS v. AUGUST ROUPETZ.
### No. 14,599.   (85 Pac. 778.)
#### SYLLABUS BY THE COURT.

PRACTICE, DISTRICT COURT — *Withdrawal of Testimony in a Criminal Case—Instructions*. If, during the progress of the trial of a criminal case, testimony which has been introduced is withdrawn by the court, and the court states to the jury that whenever testimony is ruled out they are not to consider it in the case—that it is the same as not given, it is not error to deny a request for a written instruction to disregard such testimony; and a written instruction that the jury in arriving at its verdict should consider all the evidence given by the witnesses is neither erroneous nor misleading.

Appeal from Thomas district court; CHARLES W. SMITH, judge. Opinion filed May 12, 1906. Affirmed.

*C. C. Coleman,* attorney-general, and *Arch L. Taylor,* county attorney, for The State; *T. L. Bond,* of counsel.

*Waters & Waters,* and *C. L. Wilson,* for appellant.

The opinion of the court was delivered by

BURCH, J.: August Roupetz was convicted of manslaughter in the first degree, and appeals.

Under the repeated decisions of this court juror Bourgoine was qualified. Threats of the deceased

against appellant's brother, and not involving the appellant himself in any way, were irrelevant. The testimony of witness Frank Kersenbrock that he heard shots fired while he and his father were passing appellant's premises at night could not be prejudicial, especially after the court stated to the jury that the witness could not say appellant fired them.

Early in the progress of the trial, upon the occasion of striking out some testimony, the court said to the jury: "Gentlemen, when the court rules out any evidence you are not to consider it in the case. It is the same as not given; it should be out of your minds entirely." Afterward all the testimony of a witness was withdrawn because his cross-examination developed the fact that he did not understand the nature of an oath or the effect of false swearing. When the evidence was closed the court instructed the jury upon the law of the case, and, referring to the duties of the jurors, said that in determining the intent of the appellant in doing any of the acts charged against him they should take into consideration all the evidence given by the witnesses tending to show what his intention was. It is now argued that the jury had the right to believe the court had taken back in writing what had been stated orally, and that all excluded evidence could be lugged into the case. The court is of the opinion that danger to the appellant from such a fatuity is discernible only by the red and roving eye of imagination. A special instruction, upon the final submission of the case, that the jury should disregard the excluded testimony was properly refused. Two instructions to disregard testimony would constitute a superfluity which even the liberal criminal procedure of this state does not indulge; and after testimony has been withdrawn and is no longer in the case an instruction to disregard it would virtually be an aberrance.

The fact that the deceased said appellant would have

to walk over his dead body before appellant should have any of his mother's property was not a threat; was not pertinent to the issues, except that it might have furnished a motive for the homicide; and hence the appellant was not harmed by its exclusion. Besides, the state of feeling between the parties was so abundantly proved, and so many direct and positive threats by the deceased against appellant's life were shown, that the omission of this item could not have affected the verdict.

The cross-examination of appellant with reference to the land difficulty was fairly invited by a number of questions put to him by his counsel. Independent of that fact, it was proper to fix an important date, and was pressed no further than seemed necessary for that purpose.

The cross-examination of appellant in reference to peace proceedings against him was clearly admissible to affect his credibility. The fact that he had been arrested, and after a trial had been put under bond to keep the peace because of threats to kill his father and mother, tended to discredit, disgrace and degrade him, within the rule announced in *The State v. Greenburg*, 59 Kan. 404, 53 Pac. 61, and other decisions of this court.

The instructions of the court given at the time were ample to protect the rights of the appellant if the remarks of the county attorney infringed them. Erroneous instructions relating to murder are immaterial, appellant having been convicted of an inferior crime. Requested instructions fourth, eighth and twentieth invaded the province of the jury, and requested instructions twenty-fourth and twenty-eighth were arguments of the case to the jury from the appellant's standpoint rather than statements of law. It is not the law that the presumption of good character stands until overcome beyond a reasonable doubt, as the sixty-first requested instruction states. It may be over-

thrown by evidence much less conclusive. The sixty-eighth requested instruction was wrong because some of the matters to which it referred did not have a bearing upon the case. The instruction given by the court upon the same subject was correct. Instructions refused and instructions given which are not printed in the brief are not considered. (Rule 10.)

The appellant had a fair trial. The jury apparently gave him the benefit of every doubt, and the judgment of the district court is affirmed.

All the Justices concurring.