THE STATE OF KANSAS V. JOHN L. SPARKS.

No. 16,101.   (99 Pac. 1130.)

1. CRIMINAL LAW—*Evidence*—*Immaterial Error.* The erroneous admission of hearsay evidence was cured when the court withdrew such testimony from the jury and cautioned them to disregard it.

2. ———— *Rape*—*Instructions*—*Lesser Offense.* In a prosecution for assault with intent to commit rape, there being no evidence to show that the defendant was guilty of a lesser offense, it was not error to refuse to instruct thereon.

3. ———— *Instructions.* The rule applied that alleged error in the refusal of instructions can not be considered where the trial court's ruling was first questioned in the motion for a new trial.

Appeal from Kiowa district court; GORDON L. FINLEY, judge. Opinion filed February 6, 1909. Affirmed.

*Fred S. Jackson,* attorney-general, and *John D. Beck,* county attorney, for The State.

*L. M. Day,* and *J. W. Davis,* for appellant.

*Per Curiam:* The appellant was convicted of an assault with intent to commit rape. He is past seventy-four years of age, and the injured person is a little girl of seven. The facts are revolting, and no useful purpose would be subserved in reciting them.

The parents of the child were witnesses, and complaint is made that prejudicial error occurred in their examination. Only one of these objections requires comment. The father was permitted to testify that the child told him of certain misconduct of the appellant toward her. No attempt was made to repeat her statements of any of the details of the occurrence, and the error of permitting hearsay evidence of the identity of the assailant was cured, as the court withdrew all this testimony from the consideration of the jury and properly cautioned them to disregard it. (*The State v. Daugherty,* 63 Kan. 473, 481, 65 Pac. 695.)

There was no evidence tending to show that appellant was guilty of simple assault, or assault and battery, and there was no error therefore in refusing instructions numbered 1, 4 and 5, asked by appellant. (*The State v. Ryno,* 68 Kan. 348, 74 Pac. 1114, 64 L. R. A. 303; *The State v. Clough,* 70 Kan. 510, 79 Pac. 117.) Besides, the instructions asked did not inform the jury that they could convict of the lesser offense, and the matter was first called to the attention of the court in the motion for a new trial. The question can not be raised in this manner. (*The State v. Clough, supra.*)

It is insisted that appellant should have been acquitted because there was evidence showing the completed crime of rape instead of an attempt. The only basis for this contention is a statement of an innocent girl of tender years, who possessed no knowledge or understanding of the relation of the sexes. All the facts and circumstances of the case, her age, and her physical condition when examined by her mother a few days after the occurrence, preclude the belief that a completed offense of rape was committed.

After appellant's arrest he forfeited his recognizance, disguised himself, and went to a distant state, where he was arrested again as a fugitive from justice and brought back to this state. He testified in his own behalf and explained his flight, and the court properly instructed the jury to take his explanation into consideration.

We have examined every claim of error and find nothing which in our opinion prejudiced the substantial rights of the appellant. The judgment is affirmed.