No. 20,660.

THE STATE OF KANSAS, *Appellee,* V. B. A. MCLEMORE, *Appellant.*

SYLLABUS BY THE COURT.

1. RAPE—*Statement of Complainant—Incompetent Evidence—Not Reversible Error.* In a prosecution for rape, it is incompetent for the party to whom the assailed made complaint to give in evidence the name of the assailant; but where there is no question concerning the identity of the party making the assault, and where there is no question that he was present at the time and place of the alleged assault, no reversible error is committed in giving the name of the assailant.

2. SAME—*Impeaching Witness on Collateral Matter.* Evidence should not be admitted to contradict a statement of a witness elicited on cross-examination, on an immaterial, collateral matter; but where such evidence is admitted, a judgment will not be reversed where the evidence could not have produced any prejudicial effect on the jury.

3. SAME—*Refusal to Permit Questions on Cross-examination—Not Reversible Error.* In a prosecution for rape, on the cross-examination of the person assaulted, it is proper to show that she contracted with

attorneys to bring an action for damages for the alleged assault; but the refusal of the court to permit such cross-examination will not cause a reversal of the judgment where it does not appear that any harm was done by its exclusion.

4. SAME—*Refusal to Instruct on Intent to Commit Rape—No Error.* It is not error to fail to instruct the jury concerning assault with intent to commit rape, where the evidence to prove the offense shows a completed offense at a certain time and place, and the statements of counsel and the evidence of the witnesses are all directed to that time and place, although there may be other incidental evidence which proves acts which tend to show that the accused attempted an assault at another time and place.

5. SAME—*Evidence Sufficient to Convict.* It is held that the evidence was sufficient to show that the crime of rape was committed.

6. SAME—*Misconduct of Counsel.* Misconduct of counsel in the presence of the jury, where the court immediately directs the jury to disregard such misconduct, will not cause a reversal of a judgment unless it appears that the misconduct was such as could not be thus cured by the court.

7. SAME—*Disqualification of Juror.* A juror, on his *voir dire,* testified that "he had no opinion and had expressed no opinion" (as to the result of the trial of the defendant). On the motion for a new trial three witnesses testified that they had heard the juror say, substantially, that "they will stick Dr. McLemore," the defendant. The juror denied making these statements, or anything in substance like them. The motion was overruled. The court did not commit reversible error.

Appeal from Bourbon district court; CHARLES E. HULETT, judge. Opinion filed February 10, 1917. Affirmed.

*John L. Connolly, James B. Connolly,* and *A. M. Keene,* all of Fort Scott, for the appellant.

*S. M. Brewster,* attorney-general, *James G. Sheppard,* county attorney, and *J. I. Sheppard,* of Fort Scott, for the appellee.

The opinion of the court was delivered by

MARSHALL, J.: The defendant appeals from a conviction of rape.

1. The charge was that the defendant did forcibly rape and ravish Maude Morrison, she being then a woman between thirty-five and thirty-six years of age. There was evidence that tended to show that a half hour after the offense was com-

mitted Maude Morrison met her husband. He was a witness for the prosecution, and testified as follows:

"Q. Did your wife make complaint to you of Dr. McLemore's actions, in which she told you what his actions were, on October 28, 1915?

"Mr. Keene: To which the defendant objects as incompetent, irrelevant and immaterial and prejudicial.

"The court: He may answer. A. Yes, sir."

After that evidence was introduced the defendant asked that it be stricken out. The court refused to strike it out. The defendant insists that the witness should not have been permitted to give the name of the person committing the offense. In *The State v. Daugherty*, 63 Kan. 473, 65 Pac. 695, this court said:

"In prosecutions for the crime of rape, neither the name of the assailant nor the details of the transaction, as given by the assailed, may be repeated in evidence by the party to whom she made timely complaint." (Syl. ¶ 7.)

In *The State v. Hoskinson*, 78 Kan. 183, 96 Pac. 138, this court said:

"Some courts have admitted a full relation of the details told by the prosecutrix, but the weight of authority admits only the fact that a complaint was made; it is not permissible to relate the name of the person of whom she complained. . . . A probable exception to this rule is where the complaint was made in such immediate relation with and sequence to the act complained of as to be part of the *res gestæ*, but that has no application here." (p. 188.)

It must be noticed that the authorities are not unanimous in excluding the name of the assailant. The purpose of the rule is to permit the fact to be shown that the injured party did make complaint, but to exclude all hearsay evidence of every other fact necessary to prove the crime. Where the identity of the assailant is unquestioned, and where the defense is that there was no rape either because there was no intercourse, or, if there was intercourse, that the woman consented thereto, it is not easy to see what harm is done by giving the name of the assailant in connection with the fact that complaint was made. In the present case there was no question about the identity of the assailant if a rape had been committed. The defendant admitted being at the place where the crime was charged to have been committed at the time when Mrs. Morrison testified it was committed, but he denied

having intercourse with her. One of the propositions argued by the defendant on this appeal is that if the evidence shows that he did have intercourse with the complainant the evidence shows that she consented to that intercourse. On the trial, Mrs. Morrison testified positively that it was the defendant who assaulted her. The husband's testimony concerning the name of his wife's assailant did not add one particle of evidence to show that a rape had been committed, or, if the other evidence established that one had been committed, that the defendant was the guilty party. Section 293 of the code of criminal procedure provides that:

"On an appeal, the court must give judgment without regard to technical errors or defects, or to exceptions which do not affect the substantial rights of the parties."

That evidence was incompetent, but, under the circumstances surrounding this case, it can not be said that the introduction of that evidence affected any substantial right of the defendant. Its admission was not reversible error.

2. The state sought to prove that the defendant was intoxicated at the time he was charged to have committed this offense. Mrs. Morrison testified that she could smell intoxicating liquor on his breath. On cross-examination the defendant testified as follows:

"Q. I am asking you if you haven't been in the habit of frequently getting partially intoxicated? A. No, sir, never in my life was I intoxicated.

"Q. Sir? A. Never in my life have I been intoxicated.

"Q. You have never been drunk or half drunk? A. I don't know what you call half drunk.

"Q. I mean under the influence of liquor so people would know it and understand it by seeing you? A. I was never drunk, tipsy or full in my life, never."

James D. Stroud, a witness for the prosecution, on rebuttal, testified as follows:

"Q. Now on this date (meaning the time that The State claimed that McLemore was in Stroud's restaurant, after the alleged crime was committed and after this prosecution was begun) the defendant came in there, what was his condition with reference to being intoxicated or otherwise?

"Mr. Keene: Defendant objects as immaterial and not rebuttal.

"The Court: He may answer.

"Mr. Keene: Exception.

"A. Well, I took him to be intoxicated."

The defendant complains of the introduction of this evidence.

In *The State v. Alexander,* 89 Kan. 422, 131 Pac. 139, this court said:

"Evidence should not be admitted to contradict a statement of a witness elicited upon cross-examination upon a purely collateral matter which does not tend to prove or disprove an issue in the case, the contradictory evidence being offered by the party eliciting the statement." (Syl. ¶ 3; *The State v. Sexton,* 91 Kan. 171, 136 Pac. 901.)

It is unnecessary to cite other cases. The defendant's intoxication when he was in Stroud's restaurant was a matter wholly immaterial; and except as that evidence may have affected the credibility of the defendant as a witness it could not have produced any effect on the jury. While the evidence was immaterial and inadmissible, its introduction was not sufficient to cause a reversal of the judgment.

3. After laying her complaint before the county attorney, and before she succeeded in getting the county attorney's office to file a complaint and cause a warrant to be issued for the arrest of the defendant, Mrs. Morrison entered into a contract with other attorneys to bring a suit against the defendant for damages for the assault. On the cross-examination of Mrs. Morrison the defendant sought to show that she had made such a contract. The court refused to permit that evidence to be introduced. The defendant contends that this was error. In *The State v. Abbott,* 65 Kan. 139, 69 Pac. 160, this court said:

"For the purpose of impairing his credibility, a witness who gives material testimony may be cross-examined as to his past conduct and character, and as to specific acts which tend to discredit him." (Syl. ¶ 1. See, also, *The State v. Pugh,* 75 Kan. 792, 90 Pac. 242.)

In the last case cited, the court said:

"The extent permissible in such cases must be left to the discretion of the trial court, whose action will not be disturbed by this court, except for such abuse as works an injury to the party complaining." (p. 796.)

Grant that this evidence was within the rule and should have been admitted, no harm was done by its exclusion. The plaintiff had a right not only to contract with attorneys to bring a suit for damages, but to bring a suit and prosecute it at the same time that the criminal charge was being prose-

cuted. The exclusion of this evidence was not sufficient to cause a reversal of the judgment.

4. The court did not instruct concerning an assault with intent to commit rape. The defendant contends that this was error. The evidence tended to show that the offense was completed and committed at the barn at the complainant's home, and that immediately after the commission of the offense Mrs. Morrison ran to the house. There was evidence tending to show that the defendant followed Mrs. Morrison to the house and there did other things which tended to show his intention to commit another assault on Mrs. Morrison, but that he voluntarily desisted and went away. The defendant was tried for the transaction at the barn. In the opening statement to the jury for the state, it was charged that the offense was committed at the barn. The whole trial concerned the transaction at the barn. All the evidence introduced was to establish the commission of the offense at the barn. The evidence showed that if any offense was committed at the barn it was the completed offense of rape, and not an assault with intent to commit rape, or an attempt to commit rape. The rule is that where the evidence shows a completed offense, the defendant should not be convicted of a mere assault with intent to commit the offense. (*The State v. Mitchell,* 54 Kan. 516, 38 Pac. 810.) No request for an election between two offenses, separate transactions, was made by the defendant. There was no error in not instructing the jury concerning an assault with intent to commit rape.

5. The defendant contends that there was no evidence to show that the crime of rape was committed. In support of this contention he argues that the evidence of the prosecuting witness clearly showed that she did not resist to the extreme. The defendant contends (quoting from his brief) :

"That the law is that where a rape is committed by physical force, the party raped must not only cry out, but must resist to the extreme limit of her strength; doing everything in her power to prevent the ravishing."

The rule contended for by the defendant was condemned by this court in *The State v. Ruth,* 21 Kan. 583, in the following language:

"To make the crime hinge on the uttermost exertion the woman was

The State v. McLemore.

physically capable of making would be a reproach to the law and to common sense." (p. 591.)

In 33 Cyc. 1427, the author says:

"It is said in some of the cases that there must be the utmost reluctance and the utmost resistance, but this rule is repudiated in other jurisdictions."

The circumstances attending the commission of the offense charged against this defendant, as related by Mrs. Morrison, are offensive, revolting and disgusting. They will not be here detailed. They show that she resisted until after resistance was useless and unavailing, and that she never consented to the acts of the defendant. The rule contended for by the defendant is a barbarous one. It has no place in twentieth century civilization in this state. When a mature man invades another man's home and there seeks to debauch the latter's wife or daughter he should be compelled to see to it that he uses no force whatever to accomplish his purpose; and he should be compelled to see to it that his victim willingly submits to his embraces before he asks an appellate court to draw fine distinctions to relieve him from the penalties fixed by law for rape, after he is found guilty by a jury and sentenced by the trial court. The defendant's contention that the offense charged was not proved by the evidence is without substantial merit.

6. The defendant complains of the conduct of counsel for the state. At the conclusion of the opening argument for the state the defendant waived his right to argue the cause, and submitted the same to the jury without further argument. After the jury had been out for a number of hours it sent a request to the court for information concerning certain of the evidence that had been introduced. That evidence was read to the jury. One of the attorneys for the state then made the following request:

"Now, if your Honor please, before this jury returns, in the interest of law enforcement, and that justice may not go wrong, I request the privilege of you of addressing this jury on the law and facts in this case. They have come back in here for some testimony, and the testimony seems to be indistinct in their minds, and in order that the law may be enforced, and justice be done, I request the privilege of addressing them."

The court refused this request in the following language:

"The request is denied, and, Gentlemen of the Jury, you will pay no attention to statements of counsel made in here. You will determine this case from the evidence as given you from the witness stand, under the Court's instruction. You may retire to further consider of your verdict."

The attorney's request was improper and should not have been made; but the jury understood that it was an attorney that made the request, and when it was refused and the jury were instructed to pay no attention to the statements of counsel, all effect that might have been momentarily produced by the request was obliterated, and if any effect then remained it must have been one of condemnation for the conduct of the attorney. This misconduct of counsel for the state was not sufficient to justify this court in reversing the judgment.

7. The defendant argues that a new trial should have been granted for the reason that one of the jurors had, prior to being impaneled as a juror, expressed an opinion concerning the result of the trial of the defendant. This juror, D. R. Keith, testified on his *voir dire* that he had no opinion and had expressed no opinion as to the result of the trial of the defendant. Three witnesses made affidavit that in conversations with the juror Keith, prior to the trial, he had said to each of them that "they will stick Dr. McLemore." Keith made affidavit that he never made the statement that "they will stick Dr. McLemore," or anything in substance like that. On these affidavits and on the examination of juror Keith, on his *voir dire,* the court found the facts involved in this matter against the defendant. There is nothing to show that the finding was incorrect. The matter was one primarily for the trial court and that finding will not be disturbed.

There are a number of errors disclosed, each of which is of minor importance, and none of which is sufficient to cause a reversal of the judgment. There was nothing in any of the errors committed that deprived the defendant of a fair trial in the court, or of fair consideration at the hands of the jury.

The judgment is affirmed.

WEST, J., concurs in the result but not in all things said.