## STATE OF KANSAS

### JANUARY TERM, 1926

*PRESENT:*

HON. WILLIAM A. JOHNSTON, CHIEF JUSTICE.
HON. ROUSSEAU A. BURCH,
HON. HENRY F. MASON,
HON. JOHN MARSHALL,
HON. JOHN S. DAWSON,  } JUSTICES.
HON. W. W. HARVEY,
HON. RICHARD J. HOPKINS,

No. 26,492.

THE STATE OF KANSAS, *Appellee,* v. BOB JONES, *Appellant.*

SYLLABUS BY THE COURT.

1. RAPE—*Information—Sufficiency of Allegations.* The offense of forcible rape, defined in the statute as "forcibly ravishing any woman of the age of eighteen years or upwards," is sufficiently charged by an information alleging that the defendant had sexual intercourse with the complaining witness by force, against her will and without her consent, and did "by means of force and violence, forcibly and ravenously commit the crime of rape" upon her, although it nowhere uses the word "ravish" or any direct derivative thereof.

2. SAME—*Evidence—Sufficiency.* The evidence is held sufficient to warrant a conviction of forcible rape.

Appeal from Sedgwick district court, division No. 3; GROVER PIERPONT, judge. Opinion filed April 21, 1926. Affirmed.

*Benjamin F. Hegler* and *A. V. Roberts,* both of Wichita, for the appellant.

*C. B. Griffith,* attorney-general, *Roland Boynton,* assistant attorney-general, *W. A. Blake,* county attorney, *H. C. Castor,* and *John W. Wood,* assistant county attorneys, for the appellee.

The opinion of the court was delivered by

MASON, J.: Bob Jones appeals from a conviction upon a charge of rape upon a woman over eighteen years of age. His contentions

---

Indictment and Informations, 31 C. J. p. 661 n. 95, 97. Rape, 33 Cyc. pp. 1428 n. 96, 1441 n. 2, 1488 n. 33, 1501 n. 11; 22 R. C. L. 1180.

are that a motion to quash the information should have been sustained, and that the evidence conclusively showed that there was no earnest resistance to the act of intercourse, and therefore not a sufficient use of force on the part of the defendant to constitute rape.

1. The statute defines rape in such a case as the present as "forcibly ravishing any woman of the age of eighteen years or upwards." The information does not use the word ravish or any direct derivative. It does, however, charge that the defendant by force and against the will of the complaining witness and without her consent had sexual intercourse with her, giving details of the assault at some length, and "did then and there, in the manner aforesaid, by means of force and violence, forcibly and ravenously commit the crime of rape" upon her. "Ravenously" was obviously used as related to ravish, a use which may be justified by its etymology. However that may be, the information was not subject to the motion to quash. It set out all the ingredients of the offense with such clearness as fully to advise the defendant of the charge against him and to make a conviction or acquittal a protection against a second prosecution.

2. The complaining witness testified to this effect: The defendant took her for a short drive in his automobile. Over her protest he insisted on driving further. She threatened to get out, and he speeded up and drove as fast as he could. She tried to make him go back and he would not. He finally stopped and tried to pull her into the back seat. She resisted, and he gave this up and pulled her out of the car. She said:

"He held that arm with his elbow and my other arm with the same hand until I could not move at all. I went to crying. I could not help myself at all. . . . I tried my best to get loose, but he would not let me loose. . . . I knew it would not do any good to scream because there was nobody around."

These statements if true show resistance and lack of consent on her part. Other parts of her testimony give room for a plausible argument to the contrary. The matter was a fair one for the determination of the triers of the facts. This court has long since repudiated the view that resistance to the utmost limit must be proved to warrant a conviction of rape. (*State v. Ruth,* 21 Kan. 583; *State v. McLemore,* 99 Kan. 777, 164 Pac. 161.)

The judgment is affirmed.