No. 28,282.

THE STATE OF KANSAS, *Appellee*, v. FRED A. WILLIAMS, *Appellant*.

(267 Pac. 1095.)

Opinion filed June 9, 1928.

*J. T. Boyle* and *George Templar,* both of Arkansas City, for the appellant.

*William A. Smith,* attorney-general, *Roland Boynton,* assistant attorney-general, *H. V. Howard,* county attorney, and *George McNeish,* deputy county attorney, for the appellee.

The opinion of the court was delivered by

HUTCHISON, J.: The error assigned in this case is in permitting the county attorney in his opening statement, over the objection of the defendant, to mention and refer to a confession of the defendant, which would be a part of the evidence of the state, and later introduce a part of such confession over the objection of the defend-

ant and in disregard of the urgent request of the defendant that the court first determine the admissibility of such alleged confession.

The defendant was charged in an information with the sale of morphine in violation of the narcotic law. He had heard the evidence of the state on the preliminary hearing, and in that way anticipated the evidence which the state contemplated using on the trial. Before the opening statement was made by the county attorney, defendant objected to any reference being made in such statement to a confession, and requested the court to first hear the evidence as to its being voluntary or involuntary and determine its admissibility. The objection and the request were both overruled. The statement was made to the jury by the county attorney, referring to the confession made by defendant to him and the chief of police. The latter officer later testified concerning the conversation between the three of them as to extending leniency if the defendant should catch the chief offender in such traffic, and further said, "Williams [defendant] then talked very freely about the matter. He said, 'Well, you fellows have got me dead to rights,' or something like that." Objection was again made, as it had been on every previous occasion where reference was made to the confession; and, after the noon recess the court addressed the jury as follows:

"Gentlemen of the jury, some statements have been made to you that the defendant had made a confession, and there has been some dispute as to whether or not the purported confession was made under a promise. In any event, whether it was made under a promise or not made under a promise, don't pay any attention to that confession of guilt he is claimed to have made. Don't pay any attention to any alleged confession at all. You will have to try the case without that testimony, without any regard to it."

Later in the trial the county attorney suggested to the court that the defense had in cross-examination indirectly opened up the same subject sufficiently to permit the state to introduce evidence of confession, but the court held otherwise, and no further reference was made to the subject. The defendant was convicted, and appeals.

There were two witnesses who gave very substantial evidence of the sale alleged to have been made by the defendant. One of them said he made the purchase of the narcotic from the defendant, giving the conversation and details. The driver of a taxi said he drove defendant to two places at the times indicated, the latter being where the purchaser said he met the defendant.

"Where there is an abundance of competent evidence introduced which

conclusively establishes a certain fact, it is immaterial that incompetent evidence is introduced to prove the same fact." (*State v. Tegder,* 6 Kan. App. 762, syl. ¶ 1, 50 Pac. 985. See, also, *State v. Evans,* 115 Kan. 538, 224 Pac. 492.)

No one could candidly say that the statements made by the county attorney as to the evidence he expected to introduce might not influence the jury to some extent, but they were instructed by the court that they were limited to the evidence as they had heard it from the witness stand, and in this case they were especially cautioned to disregard all testimony of and reference to any confession. This caution of the judge amounts to a complete withdrawal of the testimony concerning a confession erroneously admitted and the statements made by the county attorney referring to a confession. The authorities are numerous that under such circumstances the rights of the defendant are not prejudiced.

"Ordinarily the prompt withdrawal of improper evidence and an instruction by the court to give it no consideration, cures the error of its admission." (*State v. McDonald,* 107 Kan. 568, syl. ¶ 3, 193 Pac. 179.)

"Error cannot ordinarily be predicated by a defendant in a criminal case on the admission of evidence to which he makes timely objection, when his objection is promptly sustained and the jury is directed to disregard such evidence." (*State v. Bell,* 109 Kan. 767, syl. ¶ 4, 201 Pac. 1110.)

"The withdrawal by the court of testimony improperly admitted accompanied by an admonition that the jury must disregard it will ordinarily cure any error in its admission." (*State v. Bisagno,* 121 Kan. 186, syl. ¶ 4, 246 Pac. 1001. See, also, *State v. Daugherty,* 63 Kan. 473, 65 Pac. 695; *State v. Finch,* 71 Kan. 793, 81 Pac. 494; *State v. Roupetz,* 73 Kan. 663, 85 Pac. 778; *State v. Sparks,* 79 Kan. 548, 99 Pac. 1130; 16 C. J. 916, 1003.)

The only evidence that had been given on this subject was promptly withdrawn. The statements of the county attorney were also withdrawn; and it has been frequently held that even improper remarks in the opening statement or closing argument by the county attorney will not justify a reversal on appeal unless it appears that some substantial right of the defendant was affected by the error. (*State v. Peterson,* 102 Kan. 900, 171 Pac. 1153; *State v. Smith,* 114 Kan. 186, 217 Pac. 307; *State v. Owen,* 124 Kan. 533, 261 Pac. 600.)

Following the decisions above cited and observing the rule prescribed in R. S. 62-1718, that on appeal in criminal cases the court must give judgment without regard to exceptions which do not affect the substantial rights of the parties, the verdict and judgment

in this case should be upheld because it has not been made to appear that the rights of the defendant have been prejudiced.

The judgment is affirmed.