**People of the State of Illinois, Plaintiff-Appellee, v. Vernon Henderson, Defendant-Appellant.**

**Gen. No. 52,730.**

First District, First Division.

January 19, 1970.

Rehearing denied February 5, 1970.

Reibman and Hoffman, of Chicago (Sheldon N. Reibman, of counsel), for appellant.

Edward V. Hanrahan, State's Attorney of Cook County, of Chicago (Elmer C. Kissane, Assistant State's Attorney, of counsel), for appellee.

MR. JUSTICE ADESKO delivered the opinion of the court.

■ ■ Defendant, Vernon Henderson, was charged with three separate counts of an indictment for attempted rape, rape and indecent liberties. Following a waiver of jury trial, the defendant was found guilty by the trial court for the offenses of rape and indecent liberties. He was sentenced to serve three to eight years for each offense, the sentences to run concurrently. Defendant asserts several issues on appeal:

> (1) That the evidence was insufficient to prove his guilt beyond a reasonable doubt;
> (2) That the court erred in considering improper evidence;
> (3) That the sentence was excessive; and
> (4) That the conviction for the lesser offense must be reversed because the charge arose from the same conduct.

With regard to the last issue noted, the State has argued that defendant's failure to raise this issue in his original brief precluded defendant from raising the question in his reply brief, all in violation of Supreme Court Rule 341(g) (Ill Rev Stats 1967, c 110A, § 341). Despite the fact that this issue was first raised in defendant's reply brief, the rule is well established that in the interest of justice, a reviewing court may consider all questions which appear to be plain error or affect substantial rights of a party. Ill Rev Stats 1967, c 110A, § 615; Hux v. Raben, 38 Ill2d 223, 230 NE2d 831 (1967); People v. Van Hyning, 72 Ill App2d 168, 219 NE2d 268 (1966). Accordingly, we will consider all of the defendant's contentions as properly before this court.

The evidence discloses that on the evening of January 3, 1967, the prosecutrix, Sheila Fleming, was in the company of the defendant, Vernon Henderson. She was thirteen years old and a student, living with her mother and sisters at 7894 South Park, Chicago. She left her home with a friend, Renee Abernathy, and the defendant whom

405

Sheila had known for about five years. They proceeded to the defendant's home at 7714 South Drexel, Chicago. A short time later, defendant and Sheila drove to a restaurant in the neighborhood where the prosecutrix ate and defendant had one or two bottles of beer. Defendant mentioned some films he wanted Sheila to see and they left the restaurant with defendant driving to a building at 79th or 80th and Anthony Street, where he entered and came out with some films wrapped in newspaper. Defendant then drove the prosecutrix back to his home. After she protested that she did not want to see the films, he grabbed her and took her to the basement. Defendant made three separate trips to the first floor of the home to get a projector, some beer and a can opener. Prosecutrix accompanied him on these trips because she was held by him.

Defendant then assembled the projector and showed a film that depicted sexual relations. Prosecutrix continually said she did not want to view the films and began crying. After the film was shown, the defendant placed his hand on her vagina and then removed her panties. Sometime during the showing of another film, the defendant disrobed except for an undershirt and placed himself on top of the prosecutrix. When Sheila began to cry, the defendant struck her in the head with his fist and said he might harm her more seriously. According to Sheila, the defendant than penetrated her vagina with his penis, but did not ejaculate. Later defendant demanded that Sheila partially disrobe and he placed his hands upon her vagina and breasts, once again putting his body on top of her. The defendant then lost consciousness and Sheila extricated herself from underneath his body. The prosecutrix testified that she moved a knife that had been on a nearby table and then dressed, leaving defendant's home by the back door. The prosecutrix identified a film projector, three reels of film,

406

a pair of her panties and a pair of defendant's undershorts which were all recovered by the police from the basement of defendant's home. Upon leaving the premises Sheila encountered a police patrol car and complained of having been raped. This occurred at 4 o'clock in the morning of January 4, 1967. She was taken to her home, then to a hospital and later to a police station where she gave a statement to the police. On cross-examination the prosecutrix stated that while defendant was making advances to her he had placed his mouth on her vagina, prior to having relations with her.

A friend of the prosecutrix, Renee Abernathy, stated that she had accompanied defendant to his home along with Sheila on the night in question. She testified that she left defendant's home when he appeared nude in the living room. The State next presented the testimony of Police Officer Ryan, who testified as to his encounter with Sheila and the subsequent arrest of the defendant with the recovery of certain articles in defendant's basement.

The defense, through testimony of the defendant's wife, attempted to show that the prosecutrix had left defendant's home around 10 o'clock in the evening of January 3, 1967. Defendant's wife also stated that her husband went downstairs at 4 o'clock in the morning of the next day, because of noises she had heard; that she later followed defendant to the basement where she found him asleep on the couch and removed his clothes in an attempt to put on his pajamas and cover him with a blanket. The defendant testified that he had taken the prosecutrix to dinner on January 3, 1967; denied picking up any film that evening; that he brought Sheila back to his home and that he laid across his bed some time before 10 o'clock that evening and was not awakened until 4 o'clock the next morning by his wife. De-

407

fendant denied all of the events that were related by the prosecutrix as to the occurrences in his basement.

Doctor Price who had examined the prosecutrix on January 4, 1967, when she was brought to Billings Hospital for a medical examination because of the alleged rape, testified for the defense. He stated that no contusions or abrasions appeared in the vaginal area of the prosecutrix and that no spermatozoa was present. The doctor's medical report was then received into evidence and made a part of the record. On cross-examination, the doctor stated that despite his findings, the prosecutrix could have possibly had sexual intercourse without completion of the act. The defense also produced the testimony of Youree Jones to the effect that she had visited defendant's home at 10 o'clock in the evening, where she observed defendant lying on his bed while his wife was present in the living room on the first floor and saw an unidentified boy and girl in the basement of the home. However, this witness maintained that her observations took place on January 4, 1967, which was the day after the prosecutrix was supposedly present in defendant's home.

Defendant contends that the evidence was insufficient to prove his guilt beyond a reasonable doubt. He argues that the evidence as to the use of force was inadequate in light of the prosecutrix's own testimony so that there was insufficient proof of the crime of rape. Defendant also asserts that the medical testimony of the examining physician conclusively proves that no act of sexual intercourse was perpetrated upon the prosecutrix. The State argues that the complaining witness' testimony was clear and adequately substantiated by other evidence.

We are mindful of the rule that reviewing courts must carefully examine the evidence in rape cases,

People v. Faulisi, 25 Ill2d 457, 185 NE2d 211 (1962), and that no definite standard for the degree of force necessary to constitute rape has been established. People v. Jackson, 103 Ill App2d 209, 243 NE2d 551 (1968). In this case, the record discloses that defendant was 5 feet, 10 inches tall and weighed 220 pounds while the prosecutrix was 5 feet, 2 inches tall and weighed 113 pounds. This disparity in size should be considered as a possible proof of force since the futility of resisting in the face of such odds could reasonably be assumed. However, in the instant case several factors militate against a finding that force was used to accomplish sexual intercourse. The medical report showed that no bruises appeared on Sheila's face although she testified that defendant had struck her twice, with one blow described as a hard one; and that Sheila's vagina easily admitted one finger and that with her cooperation could admit two fingers. The prosecutrix stated she was only restrained by defendant when he held her arm as they moved around his home; that despite three trips to the first floor of the defendant's house, she did not cry for help, even though she stated that on one trip to defendant's bedroom, she observed defendant's wife asleep in that room, but did not cry out; and the knife that was supposedly present and was used to influence the prosecutrix to submit to the defendant's advances was not recovered from the basement although the other articles were recovered when defendant was arrested. We are therefore, of the opinion that the State failed to prove the element of force which was necessary to sustain the conviction for rape. Accordingly, the defendant's conviction for rape should be reversed.

██ ██ The conviction for indecent liberties will be affirmed. Defendant strongly relies upon the medical report which appears to disprove any evidence of rape.

409

However, it is well established that medical testimony is not required to prove a crime of this nature. People v. Boney, 38 Ill2d 23, 230 NE2d 167 (1967), certiorari denied 392 US 933. The prosecutrix was positive that defendant had penetrated her vagina although the act was not consummated. This was not disproved by the medical report. In fact, the doctor testified that the prosecutrix could very well have had sexual intercourse without completion of the act. We think the evidence was sufficient to show that defendant had had sexual intercourse with the complaining witness, all in violation of chapter 38, section 11–4, Ill Rev Stats (1967), which states in part:

> "Any person of the age of 17 years and upwards, who performs or submits to any of the following acts with a child under the age of 16 commits indecent liberties with a child: (1) Any act of sexual intercourse. . . ."

The prosecutrix's testimony was clear and convincing that the defendant did have sexual intercourse on the evening and morning of the days in question. Our decision in that respect was influenced by the corroboration of prosecutrix's testimony by the police officer who first encountered the prosecutrix, later apprehended the defendant and recovered the physical evidence described by the victim. We believe this wholly contradicted the defendant's theory that Sheila had left the premises earlier in the evening of January 3, 1967, or that someone else had seduced her in the defendant's basement.

Next, defendant contends that during this bench trial the State improperly introduced defendant's confession, where defendant had denied making any inculpatory statement on cross-examination and the State elicited rebuttal testimony of a police officer who stated

that defendant said he "was sorry" while in police custody. Defendant argues that since he was not given a list of witnesses to his oral statement, pursuant to Ill Rev Stats, c 38, § 114–10 (1967), the statement was improperly admitted. But the record discloses that after a colloquy of the attorneys over an objection by defendant, the question was withdrawn by the State's Attorney. We believe that the trial judge did not consider this as evidence in reaching his decision.

Defendant asks this court to reduce the sentence imposed because he contends it is excessive. Defendant maintains that the facts and circumstances of this case and his background would have warranted granting of probation rather than a penitentiary sentence. The authority of the appellate court to reduce sentences should be exercised with caution. In our view of the facts and circumstances here involved there is no legal reason for the reduction of sentence since it does not appear that the term imposed is a great departure from the spirit and purpose of the law. People v. Hicks, 35 Ill2d 390, 220 NE2d 461 (1966), certiorari denied 386 US 986. We think the sentence imposed was lenient, in view of the fact that the Legislature in 1967 had imposed a minimum sentence of four years upon such a conviction.

It is unnecessary to consider defendant's contention that the court incorrectly convicted the defendant for two crimes arising from the same criminal conduct. The defendant's conviction for rape is reversed and the conviction and sentence for indecent liberties is affirmed.

Reversed in part and affirmed in part.

BURMAN, P. J. and MURPHY, J., concur.