People of the State of Illinois, Plaintiff-Appellee, v.
Rufus Tyson, Defendant-Appellant.

Gen. No. 53,432.

First District, Second Division.

September 29, 1970.

John G. Stifler, of Chicago (Jenner & Block, of counsel), for appellant.

Edward V. Hanrahan, State's Attorney of Cook County, of Chicago (Elmer C. Kissane and Joseph S. Witkowski, Assistant State's Attorneys, of counsel), for appellee.

MR. PRESIDING JUSTICE McCORMICK delivered the opinion of the court.

At a jury trial the defendant was found guilty of automobile theft and was sentenced to the Illinois State Penitentiary for a term of from two to eight years. As

grounds for his appeal the defendant argues that the trial court improperly refused to permit him to be represented by counsel of his own choice; that he was not proved guilty beyond a reasonable doubt; and that the closing argument of the State's Attorney was unduly prejudicial.

On December 9, 1967, the defendant was arrested and charged with theft of an automobile; on February 1, 1968, he was indicted by the Grand Jury for theft in excess of $150, and for criminal trespass to a vehicle. The defendant was arraigned on February 8, 1968, and entered a plea of not guilty. On that date he told the court he had no attorney and was not financially able to engage one. Without objection, the court appointed the Public Defender as defendant's attorney, and the case was set to be tried on March 7, 1968. On that date the defendant moved for a continuance to April 15, 1968, and a motion was granted, although the State indicated it was ready to proceed to trial and had the complaining witness in court.

On April 15, the case was again called for trial, and the Assistant Public Defender informed the court that the defendant would need another continuance in order to obtain his own attorney. The defendant himself told the court that he would like a continuance so that his mother could hire an attorney to represent him. His mother told the court she had enough money to hire an attorney for her son. At this time the Assistant State's Attorney said he believed the defendant was employing dilatory tactics to discourage the State's witnesses from testifying, and he indicated "it is reaching a point where the State's witnesses will not appear and testify in court." Before ruling on the motion the court stated that there was no defense counsel before him other than the Public Defender, and added, "I think it would be a disservice to the defendant himself along with the administration of justice to continue the matter further." He then denied the motion.

■ The State agrees that the Sixth Amendment to the Constitution guarantees the assistance of counsel in criminal cases and that the defendant has the right to employ counsel of his own choosing. It is urged, however, that

this is a qualified right and that the defendant is not entitled to assert the privilege at any time he wishes. The State argues specifically that since the Public Defender was appointed on February 8, 1968, and that no objection to the appointment was made until the date of trial—some two months later—the request was not made in good faith and was properly denied.

The State argues that a defendant is not entitled to interfere with the proper administration of justice, and that the motion for a continuance was an attempt to so interfere. Regardless of defendant's motives, we agree that the trial court properly denied the motion for a continuance. In People v. Solomon, 24 Ill2d 586, 182 NE2d 736 the court said at 589:

> "The granting of a continuance to permit preparation for a case, or for the substitution of counsel, necessarily depends upon the particular facts and circumstances surrounding the request, and is a matter resting within the sound judicial discretion of the trial court. (People v. Surgeon, 15 Ill2d 236; People v. Clark, 9 Ill2d 46.) Before a judgment of conviction will be reversed because of the denial of such a motion, it must appear that the refusal of additional time in some manner embarrassed the accused in preparing his defense and prejudiced his rights."

It was found that the trial court had properly refused defendant's continuance since it appeared doubtful that the defendant would obtain other counsel.

In People v. Ritchie, 66 Ill App2d 417, 213 NE2d 306, the court applied the Solomon principles and ruled that under the facts of the case the defendant was entitled to a continuance in order to obtain counsel of his own choosing. The Public Defender advised the court that a private attorney had contacted him and asked him to obtain a continuance since "he might enter his appearance in the case." After the motion had been denied the Public Defender remained in the courtroom although the "trial proceeded with little representation of the defendant by the public defender and essentially none by the defendant." (Page 420.)

In the instant case, however, there was no attorney who had indicated a willingness to file his personal appearance, and after the motion was denied the defendant allowed the Public Defender to represent him. This court's statement in People v. Boston, 89 Ill App2d 49, 52, 232 NE2d 224, is fully applicable to this case:

> "Nor was there any showing that in the representation of defendant by the Public Defender (who was prepared and ready for trial, and did a competent job of cross-examining the State witnesses) anything took place which 'embarrassed' or 'prejudiced' defendant's rights."

■ In the instant case, the defendant did not object to the appointment of the Public Defender until the very moment his cause was to be tried. As stated in People v. Leman, 95 Ill App2d 212, 238 NE2d 213, at 216, "This, in itself, has been held appropriate grounds to deny the substitution because of the staleness of the demand. People v. Jones, 51 Ill App2d 391, 201 NE2d 194 (1964); People v. West, 80 Ill App2d 59, 225 NE2d 397 (1967)." The trial judge did not abuse his discretion when he denied defendant's motion for a continuance based on the ground that he wished to hire his own attorney.

The defendant further asserts he was not proved guilty beyond a reasonable doubt. The statement in defendant's brief seeks to give the impression that the State's case rests on a weak link of circumstantial evidence; namely, the defendant's presence at the place where the car was abandoned. An examination of the record reveals quite a different situation. Two police officers testified at the trial that they had observed a Chevrolet automobile speeding on Madison Street and had pulled up behind it in their squad car. The driver of the Chevrolet ignored their indications to him to pull over and they continued in pursuit, never losing sight of the car. One of the officers testified that the driver finally pulled into a vacant lot; that "When the automobile stopped, he jumped out and started to run, and he was overtaken by fellow officers on the scene led by my partner and me." He then identified the defendant as the man who left the car.

Another of the arresting officers testified as follows: "I didn't turn into the driveway. And we observed the defendant depart from the vehicle. We jumped out of the car—I jumped out of the car and he was apprehended." He added that the defendant was "the man that jumped out of that vehicle and was apprehended. . . ." This was direct eyewitness testimony of a very convincing character which makes it easier to understand why the jury found as it did.

 The defendant testified that he happened to be at the scene because he was doing some repair work on his mother's building across the street from the lot where the stolen car was abandoned. Having offered this defense, the defendant now contends that the jury was bound to accept his explanation and, accordingly, find him not guilty. However, where two versions are presented, it is the jury's duty to consider the credibility of the witnesses and decide who is telling the truth. By its verdict the jury has shown that it found the police officers were telling the truth, and it cannot be said that this conclusion was unreasonable.

The defendant argues that he simply happened to be crossing the street when the police arrested him. The officers, however, testified that they saw him get out of the stolen car and that they had seen his face when they first pulled up behind him and he turned around before driving off. In an attempt to impeach that identification testimony, defense counsel placed the defendant's mother on the stand. She stated that Officer Tomaska, who testified at the trial, had said at a preliminary hearing that the driver was going too fast for him to make an identification. However, no court reporter was present at that hearing, and there was available only an unintelligible tape of those proceedings. The jury was then required to determine the truth. The defendant's assertion that the officers were impeached cannot be accepted. The State presented evidence which, if believed, was sufficient to support a judgment of conviction. Obviously, the State's evidence was believed by the jury.

██ Finally, the defendant argues that the prosecutor engaged in prejudicial comment in his closing argument to the jury. While on the stand, the defendant was asked

if he had any prior convictions, and he admitted to having once been convicted of auto theft. In his closing argument the prosecutor referred to the defendant as an "admitted auto thief," and said the defendant displayed little regard for the safety of others. However, convictions are not reversed on the ground of improper comment, when the evidence of guilt is clear and convincing unless it appears that the remarks may have influenced the result, or that the verdict could have been otherwise had the remarks not been made. People v. Naujokas, 25 Ill2d 32, 38, 182 NE2d 700; People v. Hines, 30 Ill2d 152, 157, 195 NE2d 712. We think the evidence of guilt presented in the instant case was clear and convincing, and the above rule is applicable.

The jury heard defendant's testimony. When the prosecutor referred to the defendant as an admitted auto thief he did so in connection with the defendant's credibility, a technique which is permissible. The prosecutor did not suggest that defendant's prior conviction indicated he was a professional automobile thief; if he had, such comment would have been improper. People v. Donaldson, 8 Ill2d 510, 518, 134 NE2d 776. Rather, the prosecutor said: "Are you going to believe the two police officers, . . . or are you going to believe the defendant, an admitted auto thief?"

In People v. Miller, 13 Ill2d 84, 148 NE2d 455, at 109, the court said:

> "It is not improper for the prosecuting attorney to reflect unfavorably on the defendant, or to comment on his actions, if based on competent and pertinent evidence. (People v. Moore, 9 Ill2d 224; People v. Stephens, 6 Ill2d 257.)"

See also People v. Snell, 74 Ill App2d 12, 19, 219 NE2d 554; and People v. Welton, 96 Ill App2d 167, 173, 238 NE2d 141. The judgment of the Circuit Court is affirmed.

Affirmed.

LYONS and BURKE, JJ., concur.