THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* FRANK ZUMMO, Defendant-Appellant.

(No. 55465;

First District—October 17, 1972.

Wisch & Dyer, Ltd., of Chicago, for appellant.

Edward V. Hanrahan, State's Attorney, of Chicago, (Robert A. Novelle and James N. Karahalios, Assistant State's Attorneys, of counsel,) for the People.

Mr. JUSTICE LEIGHTON delivered the opinion of the court:

This appeal is to review a judgment that convicted defendant of indecent liberties with a child. A two-count indictment charged that he had sexual intercourse with an 11-year-old girl; and with intent to arouse and satisfy his sexual desires and those of the child, he lewdly fondled and touched her.[1] A jury heard the case and returned a verdict of guilty. After overruling post-trial motions, the trial court admitted defendant to five years probation with the first four months to be served in the Chicago House of Correction.

To reverse, defendant contends that errors of law were committed when the trial court denied him a physical examination of the complaining child, refused to allow his expert witness to answer a hypothetical question, admitted a conversation between the child and her mother, permitted the complaining child to testify concerning alleged prior sex incidents with him, refused to take judicial notice of a fact and admitted improper evidence. We have examined defendant's contentions and determine that the trial court did not commit error. An opinion discussing the legal questions generated by these contentions would have no precedential value because they have been decided in other cases. See *People v. Glover*, 49 Ill.2d 78, 273 N.E.2d 367; *People v. Moretti*, 6 Ill.2d 494, 129 N.E.2d 709; *People v. Hill*, 60 Ill.App.2d 239, 208 N.E.2d 662; *People v. Sanders*, 2 Ill.App.3d 82, 275 N.E.2d 750; *People v. Cunningham*, 132 Ill. App.2d 519, 270 N.E.2d 147; *People v. Holloman*, 46 Ill.2d 311, 263 N.E. 2d 7.

---

[1] Ill. Rev. Stat. 1967, ch. 38, par. 11—4 (a) (1) (3).
   "§ 11—4. *Indecent Liberties with a Child*
   (a) Any person of the age of 17 years and upwards who performs or submits to any of the following acts with a child under the age of 16 commits indecent liberties with a child:
   (1) Any act of sexual intercourse; or
   \* \* \*
   (3) Any lewd fondling or touching of either the child or the person done or submitted to with the intent to arouse or to satisfy the sexual desires of either the child or the person or both.
   \* \* \*
   (c) Penalty.
   A person convicted of indecent liberties with a child shall be imprisoned in the penitentiary from 4 to 20 years."

■■ Defendant contends that the State knowingly relied on false testimony to obtain his conviction. In our judgment, the record does not support this contention. See *People v. Grayson*, 29 Ill.2d 229, 193 N.E.2d 801.

■■ Defendant contends that the closing argument of the two assistant State's Attorneys prejudiced his right to a fair trial. It is settled, however, that where evidence of guilt is clear and convincing, a conviction will not be reversed because of improper argument by a prosecuting attorney unless it appears that the argument may have influenced the result or the verdict would have been otherwise had the argument not been made. (*People v. Tyson*, 130 Ill.App.2d 140, 264 N.E.2d 403.) Defendant does not show how he was prejudiced by the argument; nor does he show that the argument influenced the result in the case or that the verdict would have been otherwise had it not been made. See *People v. Hines*, 30 Ill.2d 152, 195 N.E.2d 712.

■■ Defendant contends that the evidence is insufficient to sustain his conviction. We have examined the record and find that the evidence is not so unsatisfactory as to leave a reasonable doubt as to defendant's guilt. (See *People v. Dorsey*, 57 Ill.App.2d 389, 206 N.E.2d 762; *People v. Wendt*, 104 Ill.App.2d 192, 244 N.E.2d 384; *People v. Henderson*, 119 Ill.App.2d 403, 256 N.E.2d 84.) Therefore, finding that no error of law appears in this record, and being satisfied that the evidence proved defendant guilty beyond a reasonable doubt, we affirm.

This opinion is filed and the cause disposed in compliance with Supreme Court Rule 23 (Ill. Rev. Stat. 1972, ch. 110A, par. 23), adopted effective January 31, 1972.

Judgment affirmed.

STAMOS, P. J., and SCHWARTZ, J., concur.