THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* BOBBY RAY STEELE, Defendant-Appellant.

(No. 70-157; )

Second District—May 17, 1971.

Robert S. Bailey and Harvey J. Powers, both of Chicago, for appellant.

William V. Hopf, State's Attorney, of Wheaton, (Ralph J. Gust, Jr., Assistant State's Attorney, of counsel,) for the People.

Mr. JUSTICE SEIDENFELD delivered the opinion of the court:

Defendant pleaded guilty to Involuntary Manslaughter (Ill. Rev. Stat. 1967, ch. 38, par. 9—3(a)). His application for probation was denied.

After a combined hearing on his renewed motion for probation and in aggravation and mitigation, defendant was sentenced to a term of 3 to 7 years. He appeals only from the sentence.

Defendant was a leader of a musical group which entertained regularly at a lounge. There was an altercation over cash which a customer, one Bill Lee, had given to Steele, and which defendant was to divide with other members of his band. Lee left the lounge and returned from the parking lot with either a rifle or shotgun. Steele saw Lee with the gun and went to his own car, returning with a handgun (which he testified he kept because of the dangerous neighborhood in which he collected insurance premium "debits" in the course of his daytime job). Steele's gun was discharged during the course of a struggle to disarm him, killing a member of the band who was defendant's friend and who was characterized as "an innocent bystander". It is not entirely certain but it would appear from the evidence that Lee had already returned his long-arm to its case before the shooting.

■■ Defendant argues that the court arbitrarily denied probation because he considered the deterrent effect of sentencing to the exclusion of other factors outlined in the statute (Ill. Rev. Stat. 1967, ch. 38, par. 117—1). We conclude from the record, however, that the defendant has not sustained his burden of showing that the trial court acted arbitrarily. The denial of probation was after a hearing in which evidence relevant to the sentencing decision was received in accordance with the statute, and a probation report was placed in the record. There is no basis for interfering with the discretion of the trial court here. See *People v. Molz* (1953), 415 Ill. 183, 189-191; *People v. Hamby* (1955), 6 Ill.2d 559, 566, 567; *People v. Smice* (1968), 92 Ill.App.2d 83, 86; *People v. Bauswell* (Abst. 1970), 120 Ill.App.2d 149.

■■ We believe, however, that this is a proper case to exercise our authority to modify sentences. The defendant was 29 years old, with no previous criminal record. He had been regularly employed, often working two jobs. His relations with his wife and three children were good. His reputation was excellent in the community where he resided in a home which he owned. His education, habits and cooperative attitude completed a pattern of general stability with an excellent probability of rehabilitation. The probation officer recommended probation. We, therefore, reduce the sentence to the minimum term of 1 year and the maximum term of not more than 3 years in the penitentiary.

As modified the judgment is affirmed.

Judgment modified, and as modified, affirmed.

T. MORAN, P. J., and ABRAHAMSON, J., concur.