THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* MARION LEE BANKS, Defendant-Appellant.

(No. 71-133;

Third District—February 4, 1973.

James Geis, of Defender Project, of Ottawa, for appellant.

Richard Wilder, State's Attorney, of Morris, for the People.

Mr. PRESIDING JUSTICE ALLOY delivered the opinion of the court:

This is an appeal from a sentence of not less than 4 nor more than 10 years for involuntary manslaughter which followed the entry of a plea of guilty by defendant Marion Lee Banks in the circuit court of Grundy County. The only issue presented for review is whether the sentence is excessive for defendant who was a 19-year-old first offender with an unusual potential for rehabilitation.

On March 8, 1971, defendant, then 19 years of age, who had been a protective and attentive father, slapped and struck his four-month-old daughter, Michelle Banks, about the face and head with his open hand and the back of his hand, as a result of which, cerebralcranial injuries were sustained by the baby which caused her death on March 8, 1971. Defendant's plea of guilty to involuntary manslaughter was accepted. He applied for probation and, after a hearing in aggravation and mitigation, probation was denied and the sentence of from 4 to 10 years was imposed by the trial court.

At the time of the incident, defendant was living with his wife and child in a condition which was described as a happy marriage. The wife intends to resume the marriage when her husband is released. At the time of the incident a friend of defendant, Michael Samples, came, uninvited, to live with defendant, and although defendant's wife asked defendant to force Samples to leave, defendant did not feel he could do so as his friend had no money. Samples and defendant's wife quarreled frequently and each of them complained to defendant. Defendant became "jumpy and depressed." On the day of the incident defendant, who had been unemployed, finally procured work shoveling gravel. The child's crying woke him from sleep that night. Defendant placed a pacifier in the baby's mouth and covered her up, and as he started to walk out of the bedroom he stated the child started to "throw another fit." He stated that after she started crying again he went back and slapped her; that it "all happened so fast" that after he did slap her he was frightened and mad at himself. He had previously taken care of the child while his wife was ill. Defendant immediately showed remorse and

concern for the child. The evidence presented indicated that the defendant has an unusual potential for rehabilitation.

We are cognizant of the fact that in *People v. Steele*, (1971), 132 Ill. App.2d 215, 269 N.E.2d 731, defendant's sentence for involuntary manslaughter was reduced from 3 to 7 years to from 1 to 3 years where a 29-year-old defendant had no previous record and had a good reputation in the community. In *People v. Estrada*, 1 Ill.App.3d 1040 (abst.), 275 N.E.2d 467, the sentence for an involuntary manslaughter charge was reduced from 3 to 12 years to from 2 to 6 years. The defendant in that case also had a good reputation and a good rehabilitation potential. Defendant in the instant case has no criminal record. It is apparent from the record that the crime to which defendant pleaded guilty was not a premeditated offense. There is also no indication in the record that there was any probability that defendant would engage in further criminal conduct.

■■ We note also in the new Illinois Code of Corrections, 1971 Illinois Revised Statutes, ch. 38, sec. 1005—8—1(c)(4), it is provided that the minimum term for involuntary manslaughter is 1 year and that the trial court, having regard to the nature and circumstances of the offense and the history and character of defendant, could set a higher minimum term which should not be greater than one-third of the maximum term set in such case by the court. While we normally do not disturb the judgment of the trial court in sentencing a defendant, nevertheless where conditions and the character of the defendant and the record in the case so require, we will make such modification of sentence as we feel the ends of justice require.

■■ Accordingly, we have determined that it is in the best interest of the defendant and in the best public interest that the sentence in the instant case be modified so as to reduce the minimum sentence to 2 years and the maximum to 6 years. The sentence in this case as to Marion Lee Banks is, therefore, reduced to a minimum of not less than 2 years nor more than 6 years and the cause is otherwise affirmed.

Sentence modified and cause affirmed.

STOUDER and SCOTT, JJ., concur.