No. 28,041.

THE STATE OF KANSAS, *Appellee*, v. FLOYD SNYDER, *Appellant*.

(270 Pac. 590.)

Opinion filed October 6, 1928.

*John W. Davis,* of Greensburg, for the appellant.

*William A. Smith,* attorney-general, *Roland Boynton,* assistant attorney-general, and *Russell L. Hazzard,* county attorney, for the appellee; *O. G. Underwood,* of Greensburg, of counsel.

The opinion of the court was delivered by

HOPKINS, J.: The defendant was convicted of statutory rape on three counts, and appeals.

Briefly, the facts are these: Defendant was about 25 years of age; had lived at Mullinville all his life; the prosecuting witness, Violet McVey, 16 years old, had lived there about two years. During the summer of 1925, the defendant, a carpenter, was assisting in the construction of a new school building at Mullinville. The prosecuting witness had accosted him on the street with "hello" a few times, from which their acquaintance arose. He was charged with having had intercourse with her on August 13, 16 and 23. August 27, 1925, when the defendant was at work on the school building a deputy sheriff, the complaining witness, her mother and others went to Greensburg to see the county attorney. Within a few hours thereafter on the same day the sheriff left Greensburg and went to Mullinville, seeking the defendant, who could not be found and who was not apprehended until about January 2, 1926, in the southern part of Texas, near the Mexican border.

It is contended that the trial court erred in overruling defendant's challenge to the array of jurors. In support of his challenge to the array, the defendant introduced testimony by the county clerk that the township trustees did not return the names of any women electors to serve as jurors, as required by the statutes (R. S. 43-101 and 43-117), and also the testimony of a township trustee that he had returned a list of persons eligible to sit as jurors, but that he had never raised the question with the women electors whether they desired jury service or not. The county attorney admitted that there were qualified women electors, whose names were on the as-

sessment rolls, who would not have claimed exemption from jury service if they had been asked that question by the assessor.

We are of opinion that the failure of the township trustee to return the names of women electors was not a sufficient reason to sustain the defendant's challenge to the array. True, the officers should have been more diligent in the performance of their duties, but it does not appear that a fair jury was not obtained or that the defendant was in any way prejudiced. The record discloses that the defendant waived his last peremptory challenge, and there is no showing that any juror retained in the case was disqualified or that the defendant was in any way prejudiced by the retention of any juror. Other than as stated, there was no showing that the panel of jurors drawn for the term of court in question was not fairly returned, drawn and summoned. The defendant cites and relies on *State v. Jenkins*, 32 Kan. 477, 4 Pac. 809, where it was said:

"We think the better rule, and the one most likely to do justice is, that while mere irregularities in the drawing of jurors, or mere informalities on the part of the officers charged with the drawing, ought not to be a sufficient ground for sustaining a challenge to an array, yet it is otherwise where the essential provisions of the statute have been palpably disregarded." (p. 479.)

What was said by this court in *State v. Frazier*, 54 Kan. 719, 722, 39 Pac. 819, with reference to the Jenkins case is applicable here.

"In that case, it appeared that the names of the jurors placed on the list were taken from the assessment rolls for the year 1883, when they should have been taken from the rolls of 1882, and it was held that a challenge to the array ought to have been sustained because the law had been disregarded. In that case, no jurors were drawn or summoned from a list made up in accordance with the law. In this case, it is not claimed that the jurors in attendance on the court were improperly placed on the list or were persons improperly summoned. The sole objection to the array is, that the city of Salina ought to have contributed its quota of names to the list from which the jurors were drawn. To hold that a failure by a township or city officer to comply with the law and return names of persons suitable to serve as jurors, would be sufficient ground of challenge to the array, would be likely to occasion great public expense and inconvenience in many cases, without any substantial benefits to persons on trial. We have no reason to believe that the jury in this case was less favorably inclined to the defendant than one would have been drawn from a list including residents of Salina. We do not think the constitutional right of trial by an impartial jury has been denied the defendant."

A contention is made that the court erred in overruling an objection by the defendant to the opening statement of counsel for the

state. It appears that counsel for the state in his opening statement told the jury that evidence would be offered showing the defendant had made improper advances to other school girls, and attempted to have sexual intercourse with other young girls. Objection was made and overruled. On the introduction of evidence, the state offered to show such testimony. The court sustained an objection thereto, told the jury they were not to consider any such testimony, and also to disregard and put from their minds any statements of counsel which were not based on the evidence in the case. Under the circumstances, we are of opinion no prejudice is shown which would warrant a reversal on this ground.

It is contended that the court erred in its instructions, in that the first count of the information charged the offense to have occurred on the 13th day of August, etc. The second count on the 16th of August, and the third on the 23d of August, whereas the court instructed the jury on the element of time "on or about" the dates mentioned. The defendant argues that the information as originally filed did not contain the day of the month in any of the three counts; that upon the filing of a motion to quash for uncertainty, the state, by leave of the court, inserted the aforesaid dates in the information. It has been held that time is not the essence of the offense charged; that it is not necessary to charge or prove the precise date when time is not an indispensable ingredient of the offense, but it is sufficient if shown to have been within the statute of limitations. (See *Ferguson v. State*, 52 Neb. 432, 66 Am. St. Rep. 512; *Cotner v. State*, 173 Ind. 168, 89 N. E. 847; 16 C. J. 969.)

It is contended that the trial court erred in refusing to allow the defendant to show by the World Almanac the time of the rising of the moon on the 11th and 14th of August. He was permitted to show and it was admitted by the state that it rose at 12:15 a. m. on the 13th. From this testimony it was within the province of the jurors to estimate the time of the rising of the moon on the other dates contended for by the defendant, so in our opinion the allegation of error cannot be sustained.

An extensive argument is made in support of the contention that the court erred in refusing to allow the defendant to impeach the testimony of the prosecuting witness by reading excerpts from her cross-examination at the preliminary hearing. The state objected

on the ground that the jury could not form a correct opinion from such isolated questions and answers and that the manner of offering the testimony was not proper. The entire transcript had been introduced in evidence but not read to the jury. The court declined to permit the reading of isolated parts of the testimony. The correct way of bringing testimony into a trial in like circumstances is to ask the witness if he did not testify thus and so at the preliminary hearing. In our opinion the court committed no error in refusing defendant the privilege of reading isolated parts of the testimony.

Other complaints are presented, in support of which able argument is made, to all of which we have given consideration but in which we find no error and which in our opinion require no elucidation.

The judgment is affirmed.

HARVEY, J., concurs in the result.