The People of the State of Illinois, Plaintiff-Appellee, v. Ronald Smice, Defendant-Appellant.

Gen. No. 67–93.

Second District.

February 9, 1968.

William N. Stone, of Sterling, for appellant.

John L. Moore, State's Attorney of Ogle County, of Oregon, for appellee.

MR. PRESIDING JUSTICE ABRAHAMSON delivered the opinion of the court.

The defendant, Ronald Smice, was charged with the offense of battery in violation of section 12–3 of the Criminal Code (Ill Rev Stats 1965, c 38, § 12–3); found guilty by a jury at the conclusion of his trial, and sentenced by the trial court to the Illinois State Farm at Vandalia for six months. Smice appealed from that decision on the grounds that the verdict was improper; that the trial court improperly denied his petition for probation, and that the sentence imposed was excessive, cruel and extremely unusual. We considered that appeal in People v. Smice, 79 Ill App2d 348, 223 NE2d 548 (1967), wherein we concluded that the verdict of the jury was warranted by the evidence but remanded the cause with directions to obtain a probationary report and to reconsider the petition for probation. We also concluded that the appeal was also "an inarticulate request that we reduce the punishment imposed by the trial court pursuant to section 121–9(b)(4) of the Code of Criminal Procedure," and directed the trial court to conduct a hearing in aggravation and mitigation pursuant to section 1–7(g) of the Code in the event that the report warranted a denial of probation.

In accordance with our directions, a probationary investigation was made, a report filed and a further hearing held on the petition. At the conclusion of that hearing the court again denied probation and immediately conducted a hearing pursuant to section 1–7(g) whereafter Smice was again sentenced to Vandalia for six months.

This second appeal is based on the contention of the defendant that his petition for probation was improperly denied and that the sentence imposed was "cruel and unusual" and that he was denied "fundamental fairness."

The report of the probation officer indicates that the defendant has a history of prior misconduct. He had

previously served a one-year sentence at Vandalia for one misdemeanor and thirty days in the county jail for another. In addition, the report relates several other criminal violations including one committed during the pendency of his first appeal.

Section 117-1 of the Criminal Code (Ill Rev Stats 1965, c 38, § 117-1) provides that a person may be admitted to probation when it appears that, among other things, "(1) The defendant is not likely to commit another offense." It is well established that the grant or denial of an application for probation is within the discretion of the trial court and that discretion will not be disturbed unless it has been clearly abused. People v. Molz, 415 Ill 183, 189, 113 NE2d 314; People v. Evrard, 65 Ill App2d 118, 126, 212 NE2d 305; People v. Smith, 62 Ill App2d 73, 76, 210 NE2d 574. Among other factors to be considered by the trial court in the exercise of that discretion is the prior record of the applicant. Under the circumstances disclosed by the record before us, it does not appear that the trial court abused it's discretion in the denial of the application of the defendant for probation and we therefore affirm that denial.

We must again conclude that the contention of the defendant that the sentence imposed is "cruel and unusual" is a plea that we reduce that sentence in accordance with the power granted to us by section 121-9(b)(4) of the Criminal Code (Ill Rev Stats 1965, c 38, § 121-9(b) (4)) (now Ill Rev Stats 1967, c 110A, par 615(b)(4)). That section and rule provide the reviewing court with the power to reduce a manifestly excessive sentence and avoid the necessity of a complete reversal, remandment and retrial. The standards to be employed to determine if the sentence of the trial court is manifestly excessive have not been changed by this provision. People v. Stevens, 68 Ill App2d 265, 274, 215 NE2d 147 (1966); People v. Hobbs, 56 Ill App2d 93, 99, 205 NE2d 503 (1965). Those standards were described by the Supreme Court in the

case of People v. Smith, 14 Ill2d 95, 150 NE2d 815, at page 97 as follows:

"Where it is contended that the punishment imposed in a particular case is excessive, though within the limits prescribed by the legislature, this court should not disturb the sentence unless it clearly appears that the penalty constitutes a great departure from the fundamental law and its spirit and purpose, or that the penalty is manifestly in excess of the proscription of section 11 of article II of the Illinois constitution which requires that all penalties shall be proportioned to the nature of the offense." (Citations omitted.)

■ The sentence imposed by the trial court was within the limits of the statute but the defendant contends, apparently, that the penalty is manifestly excessive under the circumstances of this case. The incident that gave rise to the battery charge involved an attack on a male companion of the defendant's teenage girl friend. During the hearing on mitigation, it was established that the girl friend, who had originally testified against Smice, had subsequently married him and that they now lead normal, stable lives. It is inferred by the defendant that a battery of this nature is not unusual and is not sufficiently grave to justify the imposition of a maximum sentence. The record does not disclose, however, that the incident was a trivial one nor does the subsequent marriage of Smice to a prosecution witness in any way lessen the gravity of his original offense.

■ The power to reduce sentences invested in courts of review should be used with "considerable caution and circumspection, for the trial judge ordinarily has a superior opportunity in the course of the trial and the hearing in aggravation and mitigation to make a sound determination concerning the punishment to be imposed than do the appellate tribunals." People v. Taylor, 33

Ill2d 417, 424, 211 NE2d 673; People v. Valentine, 60 Ill App2d 339, 355, 208 NE2d 595.

■ We do not find that the penalty was manifestly excessive or that the trial court abused its discretion in its imposition.

The defendant also urges that he was denied "fundamental fairness" by the denial of his motion for a new judge when the case was first remanded. However, there is nothing in the record to indicate the reason for the motion; any record of a hearing on it, or any showing that he was prejudiced by its denial.

For the reasons given, the action of the trial court will be affirmed.

Judgment affirmed.

DAVIS and MORAN, JJ., concur.