No. 44,913

STATE OF KANSAS, *Appellee*, v. RAY MILLER, *Appellant*.

(460 P. 2d 564)

Opinion filed November 8, 1969.

*Ronald L. Leslie*, of Hutchinson, argued the cause, and *Herbert R. Hess*, *Matthew J. Dowd* and *Lane H. Cronhardt*, of Hutchinson, were with him on the brief for the appellant.

*Larry A. Bolton*, assistant county attorney, argued the cause, and *Kent Frizzell*, attorney general, *Raymond F. Berkley*, county attorney, and *Kerry J. Granger*, assistant county attorney, were with him on the brief for the appellee.

The opinion of the court was delivered by

O'CONNOR, J.: This is a criminal action in which the defendant, Ray Miller, was tried by a jury and convicted of burglary in the second degree (K. S. A. 21-520). He has appealed from the judgment and sentence, and from the order overruling his motion for a new trial.

The principal assignment of error upon which defendant relies for reversal of his conviction relates to the county attorney's reference in his opening statement to a subsequent crime with which defendant was charged in another case.

Briefly, the prosecution's evidence was that at approximately 9 p. m. on the evening of November 28, 1965, Miller went to the Wharf Club, a local dance hall and tavern in Hutchinson. There he joined a group of acquaintances, among whom were Julia Cole and Maurice Stramel. The parties spent the evening drinking and playing a vending-type bowling machine. About 11 p. m., when their liquor supply was exhausted, Miller asked Julia to take him to his girl friend's house so he could get a bottle of liquor. Julia consented, driving Miller in her car on a route directed by him. Miller indicated the house was in the vicinity of the American Legion Club, and as they neared the Club building Miller instructed Julia to park

in a parking lot across the alley from the club. Miller then got out of the car, crossed the alley, climbed up on top of the club building, and entered the building through a cupola door in the roof. He obtained some cigarettes from a vending machine and also took two fifths of whiskey. Miller then left the club and returned to Julia's automobile. The two then proceeded to the Wharf Club and continued their drinking with the others.

At midnight the party broke up, and Miller joined Maurice Stramel in the latter's automobile. Miller made the same request of Stramel that he had of Julia—to drive him to his girl friend's house to get some whiskey. As before, Miller directed the route to take and Stramel drove him back to the same parking lot to which he had earlier been taken by Julia. Stramel and Miller sat in the car and talked for awhile. Then Miller pointed to a house as being that of his girl friend, and got out of the car. Stramel became worried when Miller failed to return after a period of time and decided to go after him. Stramel found Miller on top of the Legion building, and thereafter Miller admitted to Stramel he had broken into the club earlier that evening.

Thereupon, Julia and Stramel conveyed the information they had concerning the activities of the evening to the local police, with the result that two separate prosecutions were instituted against Miller. We are concerned here only with the case under which Miller was convicted for his first unlawful entry into the Legion building.

At the trial the county attorney, in his opening statement to the jury, started to refer to Miller's statement to Stramel made sometime during the second entry into the building in which statement Miller said he had entered the building earlier in the evening. Defense counsel objected and moved for a mistrial. The jury was excused, and after a lengthy colloquy between court and counsel, during which the defense urged that the state was improperly injecting evidence of a subsequent offense, the court ruled that the remarks of the county attorney were to be limited to defendant's statement, without reference to the location where the statement was made. The jury, upon return to the courtroom, was informed by the trial judge that the defendant was charged with only the one offense, that the county attorney's reference to a possible subsequent offense was to be stricken and not considered, and further inquired of the members of the jury if they could disregard the

county attorney's remark. There being no indication by any of the jurors that they could not abide by the court's admonition, the judge directed the trial to proceed.

The same point was urged as a ground in defendant's motion for new trial. The court rendered a memorandum opinion and concluded that under all the facts and circumstances the county attorney's remark did not warrant the granting of a new trial, especially where there was no showing the jury was influenced thereby. Defendant now asserts the county attorney's conduct was so prejudicial that a mistrial should have been declared, or a new trial ordered.

Assuming for the moment the opening statement of the county attorney was improper for the reason complained of, we are of the opinion no prejudice is shown which would warrant a reversal on this ground. The decisions of this court make it clear that in order to require the granting of a new trial for alleged error occurring in the trial of a case, such as misconduct of counsel, the conduct complained of must affirmatively appear to have been of such nature that the substantial rights of the accused were prejudicially affected. (K. S. A. 62-1718; e. g., State v. Thomson, 188 Kan. 171, 360 P. 2d 871.) Ordinarily, prejudicial error does not result from improper remarks made in the opening statement by the county attorney where the jury is promptly instructed to disregard the objectionable matter. (State v. Snyder, 126 Kan. 582, 270 Pac. 590; State v. Williams, 126 Kan. 375, 267 Pac. 1095.) Careful scrutiny of the record discloses the county attorney was interrupted by defense counsel before the full import of any reference to a subsequent offense was made known to the jury. The jury was fully admonished to disregard the remark. We, like the trial court, are convinced that under all the circumstances the defendant's substantial rights were not prejudicially affected.

For that matter, when evidence of a similar offense committed by the accused is admissible under K. S. A. 60-455, the county attorney may properly make reference to such evidence in his opening statement. (State v. Stephenson, 191 Kan. 424, 381 P. 2d 335; State v. Robinson, 125 Kan. 365, 263 Pac. 1081.) The fact that the offense occurred subsequent to the one with which the accused is charged does not affect its admissibility if otherwise relevant. (State v. Darling, 197 Kan. 471, 419 P. 2d 836.)

We should mention an additional point urged by defendant— the trial court erred in permitting the witness Stramel to relate his conversation with Miller wherein Miller stated he had been in the American Legion Club earlier in the evening and had broken into the jukebox and cigarette machine. The thrust of defendant's argument is that his "confession, or admission, may not have been understandingly made," apparently because he had been drinking at and prior to the time of his statement. Disregarding any question concerning the sufficiency of the objection made at the time the testimony was given, we nevertheless have considered the point in light of the somewhat abbreviated record and have concluded the contention is so patently without merit as not to justify discussion.

The judgment is affirmed.