THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* JOSEPH POLK, Defendant-Appellant.

(No. 72-101;

Second District—March 14, 1973.

John R. Snively, of Rockford, for appellant.

Philip G. Reinhard, State's Attorney, of Rockford, (James W. Jerz, of counsel,) for the People.

Mr. JUSTICE ABRAHAMSON delivered the opinion of the court:

The defendant, Joseph Polk, was charged in a two-count indictment by a grand jury of Winnebago County on February 11, 1970, with the offenses of rape and indecent liberties with a child in violation of section 11—1 and 11—4 respectively of the Illinois Criminal Code. (Ill. Rev. Stat. 1969, ch. 38, secs. 11—1 and 11—4). The matter proceeded to trial before a jury on June 22, 1970 and separate verdicts of not guilty of rape and guilty of indecent liberties were returned. After post-trial motions and the defendant's petition for probation were denied, he was sentenced to a term of 5 to 10 years in the penitentiary. This appeal followed.

The defendant first contends that Section 11—4 of the Code violates the due process clauses of both the United States and Illinois constitutions because it is "vague, indefinite and uncertain." It provides as follows:

"Section 11—4. Indecent Liberties with a Child) (a) Any person of the age of 17 years and upwards who performs or submits to any of the following acts with a child under the age of 16 commits indecent liberties with a child:

(1) Any act of sexual intercourse; or

(2) Any act of deviate sexual conduct; or

(3) Any lewd fondling or touching of either the child or the person done or submitted to with the intent to arouse or to satisfy the sexual desires of either the child or person or both.

(b) It shall be an affirmative defense to indecent liberties with a child that;

(1) The accused reasonably believed the child was of the age of 16 or upwards at the time of the act giving rise to the charge; or

(2) The child is a prostitute; or

(3) The child has previously been married.

(c) Penalty.

A person convicted of indecent liberties with a child shall be imprisoned in the penitentiary from 4 to 20 years."

■■ It has been stated that a criminal statute violates the constitutional requirement of definiteness when it "\* \* \* fails to give a person of ordinary ' intelligence fair notice that his contemplated conduct is forbidden by the statute." *United States v. Harriss,* 347 U.S. 612, 617, 74 S.Ct. 808, 98 L.Ed. 989, 996; *People v. Ross,* 41 Ill.2d 445, 448, 244 N.E.2d 608; *People v. Reed,* 33 Ill.2d 535, 538, 213 N.E.2d 278.

■■ We are unable to agree with the defendant that section 11—4 fails to meet these standards. It is clear that any person of ordinary intelligence has fair notice what conduct is proscribed by the statute.

It is also argued that the penalty provisions of section 11—4 constitute "disproportionate, cruel and unusual punishment" in violation of the 8th amendment to the United States Constitution and Section 2 of Article II of the old (1870) Illinois Constitution and that the classification is "arbitrary, capricious and unreasonable."

The penalty provisions of section 11—4 were discussed in the case of *People v. Brown,* 107 Ill.App.2d 406, 409, 246 N.E.2d 61, where the court stated "We would point out that the 4-year minimum suggests legislative unhappiness with this type of crime. We may judicially notice that this legislative declaration of public policy suggests more than a 'powder puff' approach to defendants guilty of such a crime."

In *People ex rel. Barrett v. Bradley,* 391 Ill. 169, 171, 62 N.E.2d 788, the Supreme Court of Illinois quoted *People ex rel. Bradley v. Illinois State Reformatory,* 148 Ill. 413, 36 N.E. 76, 79:

"When the legislature has authorized a designated punishment for a specified crime, it must be regarded that its action represents the general moral ideas of the People, and the courts will not hold the punishment so authorized as either cruel and unusual or not proportioned to the nature of the offense, unless it is a cruel or degrading punishment, not known to the common law, or is a degrading punishment which had become obsolete in the state prior to the adoption of its constitution, or is so wholly disproportioned to the offense committed as to shock the moral sense of the community."

Subsection (a) (1) of Section 11—4 replaced the former offense of

statutory rape which provided for a sentence of from one year to life. The Illinois Criminal Code, enacted in 1961, modified the title of the offense and provided a penalty of from one to twenty years imprisonment upon conviction. In 1967, the Code itself was amended, in accordance with the obvious concern of the legislature as pointed out in the *Brown* case, to provide the present penalties. The Committee Comments to the 1961 Code state that "The main emphasis of section 11—4 is that of victimizing the child's immaturity, knowingly and deliberately."

■■ We are of the opinion that the punishment designated by the legislature for this offense represents the moral idea of the People in regard to crimes of this nature and cannot be considered either cruel or disproportionate to the offense itself. We therefore reject the contention of the defendant that the statute is unconstitutional.

The defendant next argues that he was denied his right "to demand the nature and cause of the accusation" as guaranteed him by the Illinois Constitution and as provided in the Illinois Code of Criminal Procedure. Ill. Const. 1870, Art. II, sec. 9; Ill. Rev. Stat. 1969, ch. 38, sec. 111—3.

Count II of the indictment charged "that on the 30th day of December, 1969, in the County of Winnebago and State of Illinois, one Joseph Polk, a person of the age of seventeen (17) years and upwards, committed the offense of Indecent Liberties with a child, in that he, performed an act of sexual intercourse with Vickie Lynne Worley, a child under the age of sixteen (16) years, in violation of Paragraph 11—4, Chapter 38, Illinois Revised Statutes."

■■ "An indictment which charges an offense in the language of the statute is deemed sufficient when the words of the statute so far particularize the offense that by their use alone an accused is apprised with reasonable certainty of the precise offense with which he or she is charged." (*People v. Patrick*, 38 Ill.2d 255, 258, 230 N.E.2d 843, 845; *People v. Blanchett*, 33 Ill.2d 527, 212 N.E.2d 97.) As can be seen, the indictment against the defendant is stated in the exact language of the statute but he maintains it was insufficient since it failed to include an allegation that he had knowledge that the girl was under the age of 16. We do not agree.

■■■ Subsection (b) of the statute provides that it shall be an affirmative defense if the accused reasonably believes that the child is 16 years of age or over. It is not necessary to include allegations negating a possible affirmative defense. If it were otherwise, it would also be necessary to allege that the child was neither married nor a prostitute since they also are affirmative defenses under the statute.

The next three arguments advanced by the defendant relate to the sufficiency of the evidence to convict him since he maintains that the

prosecution failed to prove that sexual intercourse occurred; that he was required to prove his innocence; and that the evidence failed to prove his guilt beyond a reasonable doubt. In order to discuss these contentions, a brief summary of the evidence is necessary.

Charlotte Worley, the aunt of 11-year-old Vicki Lynne, testified that the child visited at her home in Rockford over the Christmas holidays of 1969. On December 30, the defendant, aged 51, an acquaintance of the Worleys, took Vicki in his automobile, ostensibly to pick up his son in a nearby town. He returned with the girl approximately 1½ hours later. Vicki appeared scared and told her aunt she had to go home and talk to her mother.

Vicki testified that the defendant picked her up at her aunt's house on December 30 but stopped the car and, after drinking from a jug, started "messing around." He got on top of her and put his "private on her private thing." On cross-examination, she stated that it "must have went in her private parts." She also testified that she had never done this with anyone else.

A Freeport physician testified that he examined Vicki on January 4 and found abrasions in the entrance of her vagina and that she had gonorrhea of recent origin.

The defendant testified that he was in Brownie's Tap in Rockford from approximately 6:00 P.M. to 10:00 or 10:30 P.M. on December 30. He denied seeing Vicki on that date. Two alibi witnesses testified that they saw the defendant in Brownie's during those same hours. The defendant and his wife testified that they never had gonorrhea.

The foregoing facts are circumstances which were submitted to the jury to determine whether or not the defendant was guilty. It was a question of fact for the jury to determine.

■■ Sexual intercourse occurs when there is any penetration, however slight, of the male organ into the female organ. *People v. Washington,* 70 Ill.App.2d 452, 460; Ill. Rev. Stat. 1969, ch. 38, sec. 11—1(b).

■■■ Although the defendant introduced evidence of alibi, the jury was not obligated to believe the alibi witnesses. (*People v. Johnson,* 123 Ill.App.2d 69, 77, 259 N.E.2d 621, 625; *People v. Setzke,* 22 Ill.2d 582, 586.) Here, the testimony of the defendant and his alibi witnesses were contradicted by Vicki and her aunt and it was the proper function of the jury to decide what testimony to believe. As has been pointed out in the case of *People v. Brown,* 131 Ill.App.2d 669, 681, 267 N.E.2d 142, 151:

> "An alibi is an affirmative defense and where the *corpus delicti* is proved, together with evidence tending to show the guilt of the defendant, the burden of establishing the alibi rests upon him

although upon the whole case his guilt must be proved beyond a reasonable doubt. It is the function of the jury to make a determination of the credibility of witnesses and the weight to be given to the testimony. This court will not substitute its judgment for that of the jury merely because the evidence is conflicting."

■■ The evidence in the record before us raises no reasonable doubt as to the guilt of the defendant and, as has been said many times before, it is not for us to interfere with the determination of the jury because some contrary evidence was introduced.

■■ The defendant also argues that the court committed error when it refused to give the jury certain instructions tendered by him, especially an instruction on alibi. Alibi instructions are discussed in connection with IPI—Criminal Instruction No. 24.05 where the committee recommended that no such instruction be given. This position was recently upheld by the Supreme Court in the case of *People v. Poe*, 48 Ill.2d 506, 511, 512, 272 N.E.2d 28, 32. The other instructions tendered by the defendant, and refused, were either repetitious or unnecessary and we are satisfied that the jury was adequately instructed.

■■ It is next contended that the verdict of guilty of indecent liberties with a child was absolutely inconsistent with the verdict of not guilty of rape since, so the defendant maintains, in finding him not guilty of rape, the jury decided that an act of sexual intercourse had not occurred. Such a conclusion is, of course, wholly unwarranted since the offense of rape is based on an act of intercourse with a female "by force and against her will * * *." (Ill. Rev. Stat. 1969, ch. 38, sec. 11—1(a).) In the case of *People v. Henderson*, 119 Ill.App.2d 403, 409, 256 N.E.2d 84, 87, a conviction of rape was reversed where the element of force was not sufficiently proven but a conviction for indecent liberties for the same incident was affirmed.

■■ The defendant also maintains that the verdict was void since it provided only that the jury found him guilty "* * * of the offense of Indecent Liberties with a Child * * *" and failed to include the material element that he had performed an act of sexual intercourse. Aside from the fact that the form of verdict was shortened with the approval of defense counsel, we are of the opinion that the verdict was legally sufficient. A verdict is not to be construed with the same strictness as an indictment and will be upheld if the jury's intention can be ascertained with reasonable certainty. *People v. Headrick*, 65 Ill.App.2d 169, 174, 175; *People v. Pignatelli*, 405 Ill. 302, 305.

Lastly, it is contended that the defendant should have been released on probation or the sentence, being excessive, should be reduced. It is disclosed from the investigation in connection with the defendant's ap-

plication for probation, and the hearing thereon, that he had previously been convicted in 1936 and 1939 on charges of forgery and theft of a motor vehicle in the states of Arkansas and Missouri respectively. In 1963, he was convicted of forgery, on a plea of guilty, in Winnebago County and placed on probation for 3 years. The probation was revoked in 1964 and the defendant sentenced to 3 to 5 years in the penitentiary. The revocation petition was based on an allegation that he had committed the offense of sexual delinquency of a child.

A denial of an application for probation is within the sound discretion of the trial court and will not be disturbed unless. clearly abused. (*People v. Smice*, 92 Ill.App.2d 83, 86, 234 N.E.2d 47.) Also, if a sentence which is imposed is within the limits proscribed by statute, it will not be disturbed unless it constitutes a great departure from the fundamental law and its spirit or purpose or is disproportionate to the nature of the offense. (*People v. Buell*, 120 Ill.App.2d 367, 372, 256 N.E. 2d 845.) From the record before us, we cannot conclude that the trial court acted improperly in either instance.

For the reasons stated, the judgment and sentence of the trial court will be affirmed.

Affirmed.

GUILD and T. MORAN, JJ., concur.