No. 47,472

STATE OF KANSAS, *Appellant,* v. ROBERT CONLEY, *Appellee.*

(531 P. 2d 36)

Opinion filed January 25, 1975.

*Patrick J. Reardon,* county attorney, argued the cause, and *Vern Miller,* attorney general, was with him on the brief for the appellant.

*Frederick N. Stewart,* of Murray and Tillotson, Chartered, of Leavenworth, argued the cause, and *John C. Tillotson,* of the same firm, was with him on the brief for the appellee.

The opinion of the court was delivered by

HARMAN, C.: This is an appeal by the state from an order dismissing an information and discharging the defendant Robert Conley, who was charged by an information in the general language of K. S. A. 21-3503 (1) (b), with committing the offense of indecent liberties with a child. The issue on appeal, one of first impression, is whether that statute is unconstitutionally vague and indefinite as ruled by the trial court.

The constitutional provisions asserted to be violated by the

enactment in question are section 10 of the Kansas Bill of Rights which states:

"In all prosecutions, the accused shall be allowed . . . to demand the nature and cause of the accusation against him . . .,"

and the due process clause of the fourteenth amendment to the federal constitution.

The test whether a state statute is so vague and indefinite and therefore fails to inform the accused of the nature and cause of the charge against him as required by our Bill of Rights is the same as that applicable in determining whether a statute violates the due process clause of the fourteenth amendment to the federal constitution. (*State, ex rel., v. Fairmont Foods Co.*, 196 Kan. 73, 410 P. 2d 308). In *State v. Hill*, 189 Kan. 403, 369 P. 2d 365, 91 ALR 2d 750, we discussed that test thus:

"It is well recognized that in order to satisfy the constitutional requirements of due process, a state statute must be sufficiently explicit in its description of the acts, conduct or conditions required or forbidden, to prescribe the elements of the offense with reasonable certainty. The standards of certainty in a statute punishing for criminal offenses is higher than in those depending primarily upon civil sanction for enforcement. The offenses must be defined with appropriate definiteness. There must be ascertainable standards of guilt, but impossible standards of specificity are not required. Men of common intelligence cannot be required to guess at the meaning of the statute. The vagueness may be for uncertainty with respect to persons within the scope of the statute or in regard to applicable tests to ascertain guilt. The test is whether the language conveys a sufficient definite warning as to the proscribed conduct when measured by common understanding and practice." (pp. 410-411.)

If a statute conveys such a warning it is not void for vagueness (*State v. Gunzelman*, 210 Kan. 481, 502 P. 2d 705). Conversely, a statute which either requires or forbids the doing of an act in terms so vague that persons of common intelligence must necessarily guess at its meaning and differ as to its application is violative of due process (*Connally v. General Const. Co.*, 269 U. S. 385, 70 L. ed. 322, 46 S. Ct. 126). In *Giaccio v. Pennsylvania*, 382 U. S. 399, 15 L. ed 2d 447, 86 S. Ct. 518, the matter was discussed in this fashion:

"It is established that a law fails to meet the requirements of the Due Process Clause if it is so vague and standardless that it leaves the public uncertain as to the conduct it prohibits or leaves judges and jurors free to decide, without any legally fixed standards, what is prohibited and what is not in each particular case." (pp. 402-403.)

K. S. A. 21-3503 (1) (*b*), under which defendant-appellee here was prosecuted, became effective July 1, 1970, as part of our new criminal code. In its entirety the statute provides:

*"Indecent liberties with a child.* (1) Indecent liberties with a child in engaging in either of the following acts with a child under the age of sixteen (16) years who is not the spouse of the offender:

"(*a*) The act of sexual intercourse;

"(*b*) Any fondling or touching of the person of either the child or the offender done or submitted to with the intent to arouse or satisfy the sexual desires of either the child or the offender or both.

"(2) Indecent liberties with a child is a class C felony."

As initially promulgated by the Judicial Council Advisory Committee on Criminal Law Revision (see April, 1968 KJC Bull. Special Report, p. 56) and as introduced in the 1969 legislative session (SB No. 9, 1969 session, § 21-3503) this proposed new act in pertinent part provided:

"(1) Indecent liberties with a child is engaging in either of the following acts with a child under the age of 16 years who is not the spouse of the offender:

"(*a*) The act of sexual intercourse;

"(*b*) Any *lewd* fondling or touching of the *sex organs* of either the child or the offender done or submitted to with the intent to arouse or to satisfy the sexual desires of either the child or the offender or both. . . ." (Our emphasis.)

The Advisory Committee's Comment was in part as follows:

"This section is in lieu of the former provision relating to statutory rape. The name of the crime has been changed. The prohibited conduct includes not only sexual intercourse, but other indecent sexual conduct. . . .

"The proposal adopts part of the Illinois Criminal Code, 11-4." (p. 56.)

As will already have been noted from comparison of the recommended act with the final product, two changes in the language of the proposed statute were made by the legislature in the course of its enactment: The adjective "lewd" as a modifier of the words "fondling or touching" was eliminated; and in lieu of the words "sex organs", the term "person" was substituted.

The state argues that taken as a whole the statute gives sufficient notice of that which is prohibited conduct; that the term "indecent" when coupled with the term "liberties" is so well known as to be self-defining and understandable to the ordinary person of common intelligence; perfect standards of specificity in criminal statutes are neither required nor always possible, and finally, that appellate courts of Illinois and other states having similar statutes have found them to be constitutionally definite.

Appellee contends that the term "person" as referring to the body of a human being is impermissibly vague and indefinite; it may include anything from instep to ear lobe and from fingertip to

fingertip; the words "fondling or touching" are indefinite and may mean anything from a handshake to sexual intercourse. Appellee also argues the term "sexual desires" is indefinite and vague because there may be different levels of this emotion. Granted, as to this latter contention, but we are not much troubled with it as with the two preceding contentions, because the term "sexual desires" does have a well recognized meaning.

In 10 Vernon's K. S. A. Criminal Code, 21-3503, the authors make the following comment:

"'Any fondling or touching' of part (b) is general language which is intended to cover various types of lewd physical contacts which do not necessarily culminate in sexual intercoure or 'unlawful sex act' defined at section 21-3501. The entire context of the physical contact should determine whether or not it is within the scope of this section.

"Part (b) requires the contact be with 'the intent to arouse or to satisfy the sexual desires of either the child or the offender' so that an inadvertent touching of the intimate parts of another person does not constitute an offense.

"As a statutory standard of criminal conduct, part (b) is exceedingly vague. . . . Consequently, the validity of the section may be questioned." (pp. 388-389.)

In eliminating the term "lewd" and in substituting the word "person" for the words "sexual organs", as contained in the proposed draft by the advisory committee and the initial bill introduced by the senate judiciary committee, the legislature obviously broadened the scope of the offense denominated "indecent liberties with a child". In fact the only limitations remaining are that the offense be committed upon a child under sixteen years of age who is not the spouse of the offender and that the touching or fondling be done or submitted to with a specific intent—to arouse or satisfy the sexual desires either of the child or the offender or both. The question is whether the language used is so broad and indefinite that it fails to warn as to the conduct sought to be proscribed. The state argues that the term "indecent liberties" conveys such warning to persons of common intelligence. The difficulty with this argument is that "indecent liberties with a child" is simply the name or the label given by the statute to the conduct sought to be prohibited and no more. Virtually all our newly enacted criminal statutes are couched in the same grammatical posture, e. g., "Murder in the first degree is . . ." (K. S. A. 21-3401), "Robbery is . . ." (K. S. A. 21-3426), "Theft is . . ." (K. S. A. 21-3701), and the like, followed by a definitional statement containing the elements of the

particular crime. Elements constituting a crime were not in every instance so specified under our old criminal code; the statute simply designated the offense and resort to other authority was required. This is not the case in our present criminal code. The elements constituting each crime are spelled out after mention of the particular name or label. The term "lewd" was deleted and terms "indecent" or "indecent liberties" are not mentioned in the definition of the offense under scrutiny here. Accordingly the Advisory Committee on Criminal Jury Instructions has not seen fit to prescribe either of these terms as elements of the offense (see PIK Criminal 57.05). (Interestingly, the information under which this appellee was charged makes no mention of either of the foregoing terms). The point is, the particular name or label of an offense cannot logically be used to bootstrap a statutory definition otherwise lacking in specificity. It seems doubtful the legislature meant to proscribe every form of touching of the person even though some degree of sexuality be present as in youthful kissing or embracing, yet that can be argued from the language employed. Where this is the case the statute can scarcely be said to contain ascertainable standards of guilt declaring just what conduct is forbidden. It cannot be denied the required intent stated in the statute supplies a measure of specificity but this is not sufficient to cancel the combined indefiniteness as to the type of contact and the part of the body involved as set out in the statute.

It is true some appellate courts have upheld the constitutionality of child molestation statutes against charges of vagueness. But these statutes have taken many forms and none is sufficiently similar to ours as to render those decisions persuasive here. For example, in *People v. Polk,* 10 Ill. App. 3d 408, 294 N. E. 2d 113, the court summarily rejected a contention that the Illinois statute on indecent liberties with a child was unconstitutionally vague and indefinite. However, the statute in question (Smith-Hurd Ill. A. S.,/Chap. 38, § 11-4) provided:

"Any person of the age of 17 years and upwards who performs or submits to any of the following acts with a child under the age of 16 commits indecent liberties with a child:

. . . . . . . . . . . .

"(3) Any lewd fondling or touching of either the child or the person done or submitted to with the intent to arouse or to satisfy the sexual desires of either the child or the person or both." (p. 378.)

And in *State v. Minns,* 80 N. M. 269, 454 P. 2d, 355, the court

likewise turned down a similar challenge. The New Mexico statute stated:

". . . Sexual assault consists of either:

"A. any indecent handling or touching of any person under the age of sixteen [16] years or . . ." (N. M. S. A. 1953, § 40A-9-9).

Noteworthy in these two cases is the fact the Illinois act in its definitional part contains the adjective "lewd" as a modifier of "fondling or touching" while the New Mexico act similarly uses the term "indecent" with respect to "handling or touching". Child molestation statutes in other states which have been upheld also have more confined meaning than ours by the use of terms such as "lascivious", "sexually molest" or others with well understood significance.

Our conclusion is that K. S. A. 21-3503 (1) (b) is not sufficiently definite in its description of the acts or conduct forbidden when measured by common understanding and practice as to satisfy constitutional requirements of due process. The trial court's judgment is affirmed.

APPROVED BY THE COURT.

KAUL, J., dissenting: The purpose of the statute in question (K. S. A. 21-3503) is to proscribe sexual molestation of a child. The offense is labeled "indecent liberties with a child" which is defined as the fondling or touching of the person of either the child or the offender with the intent to arouse or to satisfy the sexual desires of either. The thrust of the majority opinion appears to be that the deletion of the words "lewd" and "sex organs" from the statute as finally enacted results in unconstitutional vagueness. I cannot agree. The basis of the offense is touching, coupled with intent prompted by a sexual urge. The word "lewd" adds nothing. If the touching or fondling is done without the requisite intent it is not lewd; conversely, if done with such intent it would be lewd. In the context of the statute—as drawn—the addition of "lewd" only results in redundancy.

Included within the purpose of the statute is the proscription of the touching whether it be sexual organs or some other part of the body of the person of either the child or the offender. It seems to me that the ordinary person is clearly warned that the touching or fondling of a child or the inducement of the child to touch the offender, with the *intent* to arouse either sexually, is impermissible conduct. The establishment of such intent necessarily requires a showing

that the act of touching or fondling be lewd, lascivious, or indecent as distinguished from an innocent touching such as an affectionate pat on the head or shoulder. The intent proscribed by the statute stems from sexual urge while the innocent expression of affection is the result of platonic motivation. The intent requirement, when read in the light of the statute as a whole, is sufficiently precise to give a person of ordinary intelligence fair notice that his contemplated conduct, if sexually motivated, is forbidden and, thus, the requirement of constitutional certainty is satisfied.

Courts of other jurisdictions in considering similar, though not identical language, have reached the same conclusion. (See, *People v. Polk*, 10 Ill. App. 3d 408, 294 N. E. 2d 113; *State v. Minns*, 80 N. M. 269, 454 P. 2d 355; and *Martin v. State*, 245 Ind. 224, 194 N. E. 2d 721.)

Most crimes embody the element of intent, difficulty in the proof thereof is not determinative of the constitutionality of the criminal statute involved. It is only necessary that the intent proscribed by the statue be proved.

In my view the judgment below should be reversed.

FROMME, J., joins in the foregoing dissenting opinion.