No. 47,743

STATE OF KANSAS, *Appellee*, v. BILLY G. SISSON, *Appellant*.

(536 P. 2d 1369)

Opinion filed June 14, 1975.

*Tyce S. Smith*, of Chicago, Illinois, argued the cause, and *David J. Waxse*, of Payne and Jones, Chartered, of Olathe, was with him on the briefs for the appellant.

*G. Joseph Pierron*, assistant district attorney, argued the cause, and *Curt T. Schneider*, attorney general, and *Margaret Jordan*, district attorney, were with him on the briefs for the appellee.

The opinion of the court was delivered by

HARMAN, C.: Billy G. Sisson was convicted by a jury on two counts of indecent liberties with a child. His motion for new trial was denied, he was sentenced and now appeals.

Count one of the amended information under which defendant was convicted charged that on or about May 26, 1971, he feloniously engaged in the fondling or touching of the person of a female child

under the age of sixteen years with the intent to arouse or satisfy his sexual desires in violation of K. S. A. 21-3503 (1) (*b*). The second count charged that on or about March 13, 1972, the defendant feloniously engaged in an act of sexual intercourse with the same child who was then under the age of sixteen years and who was not his spouse, in violation of K. S. A. 21-3503 (1) (*a*).

Since a preliminary question of statutory constitutionality presents itself we first quote in its entirety the statute under which defendant was convicted:

"*Indecent liberties with a child.* (1) Indecent liberties with a child is engaging in either of the following acts with a child under the age of sixteen (16) years who is not the spouse of the offender:

"(*a*) The act of sexual intercourse;

"(*b*) Any fondling or touching of the person of either the child or the offender done or submitted to with the intent to arouse or to satisfy the sexual desires of either the child or the offender or both.

"(2) Indecent liberties with a child is a class C felony." (K. S. A. 21-3503.)

In a case of first impression this court recently ruled that the provisions of (1) (*b*) are so vague and uncertain that they fail to establish reasonably definite standards of guilt in accord with constitutional requirements of due process (*State v. Conley,* 216 Kan. 66, 531 P. 2d 36). This means the judgment and sentence as to count one cannot stand and must be vacated and it is so ordered. However, since the defect found in *Conley* lay only in the indefiniteness in the language of subsection (*b*) it is readily apparent that the provisions of (1) (*a*), under which defendant here was charged and convicted in count two, are completely severable from those in subsection (*b*) so that the judgment as to that count is not to be set aside upon the ground stated in *Conley.* It may be further noted that the phrase "act of sexual intercourse" mentioned in subsection (*a*) is considerably more specific and unmistakable to persons of ordinary intelligence than the language used in subsection (*b*), and as well is statutorily defined. K. S. A. 21-3501 provides:

"*Definitions.* The following definitions apply in this article unless a different meaning is plainly required:

"(1) 'Sexual intercourse' means any penetration of the female sex organ by the male sex organ. . . ."

Upon appeal defendant-appellant does not challenge the sufficiency of the evidence to sustain his conviction as to count two and consequently our recitation of the evidence will be somewhat limited. The victim in each of the two offenses, whom we shall refer to only as the prosecutrix, was thirteen years of age at the

time of the first offense and was the stepdaughter of appellant. During the time in question she lived in the same home with her stepfather, her natural mother and her five brothers and sisters.

The prosecutrix testified that on the morning of March 13, 1972, she stayed home from school at appellant's request in order to soak her sprained wrist; while she and appellant were alone in the house the alleged act of sexual intercourse occurred after appellant had first inserted his finger in her vagina. One of her sisters who returned home shortly after the incident testified she found the prosecutrix crying, with "sperm" on her robe, and that the prosecutrix related what had happened. School records introduced by the state indicated the prosecutrix was absent from school on March 13, 1972.

Appellant took the witness stand and denied all charges against him. Upon cross-examination he was asked by the prosecuting attorney whether he had had the family participate in a nude dance for him and whether he had taken pictures of his stepdaughters in the nude. Appellant denied that any such incidents had occurred.

On rebuttal the five brothers and sisters testified, over appellant's objection, that the nude dancing occurred; one of them testified appellant took pictures of the girls in the nude; one brother testified he saw polaroid pictures of his two sisters "without their clothes on or in funny positions"; further that he saw these pictures burned by his mother while appellant was in jail.

Appellant groups his specifications of error under two headings. He first asserts that, over his objection, the trial court instructed the jury in such a manner that appellant was deprived of his sixth amendment right to testify in his own behalf and to present witnesses in his own behalf. The basis of this alleged error was instruction No. 11 which stated:

"You are instructed that the phrase 'on or about the 26th day of May, 1971' under Count I of the Information and the phrase 'on or about the 13th day of March, 1972' under Count II of the Information mean that the alleged criminal act under either count must have occurred at a time within the statute of limitations.

"You are further instructed that the laws of Kansas provide that the statute of limitations shall be for a period of two years from the date of the commencement of an action against a defendant for an alleged criminal act.

"You are further instructed that the action in this case was commenced on the 25th day of July, 1972."

Appellant's argument is this: During the course of this proceeding, as reflected in the complaint, an amended complaint, the in-

formation and an amended information filed therein, four different dates were stated for the times of each of the two offenses; at trial appellant impeached the prosecutrix by producing evidence at variance with the date fixed by her as the time of the fondling offense and also evidence to the effect she had at one time admitted her initial complaint as to that offense was a lie; in its case in chief the state offered evidence as to specific dates and appellant's testimony directly repudiated that evidence; the prosecutrix was thus impeached; however, instruction eleven rehabilitated her; the result was the trial court in effect directed the jury to disregard the defense and appellant was thus deprived of his constitutional right to testify and to present witnesses in his own behalf.

We cannot agree the instruction produced the result asserted. Although the date of the alleged offense was stated in the amended information as being "on or about the 13th day of March, 1972" the state's evidence specifically fixed March 13, 1972, as the time of its commission. Appellant's testimony denied committing the offense on that date or upon any other date. The impeaching testimony produced by him was largely directed to the fondling offense alleged in count one. There did exist a discrepancy in the dates as to count two as set forth in the two complaints and the two informations which were filed. The first complaint was filed July 25, 1972, more than four months after the date of the commission of the offense as finally fixed by the prosecutrix. Preliminary hearing was waived by appellant. Trial commenced May 19, 1973. Where a prosecution is not commenced promptly after the alleged commission of an offense or the event is not otherwise brought to public notice it is not unusual for uncertainty as to dates to appear particularly where the memories of children are involved.

Appellant here did testify in his own behalf and he produced witnesses who testified. The entire matter of his commission of the offense was aired pro and con before the jury. Appellant offered no evidence by way of alibi in defense of count two. He did not give notice of an alibi under K. S. A. 22-3218 nor did he request that he be furnished a bill of particulars specifying the details of the crime sufficiently to enable him to prepare his defense, as he might have done pursuant to K. S. A. 22-3201 (5). The fact is appellant was content to be tried on the allegation as contained in the amended information. Only one act of sexual intercourse was charged and shown. Appellee's evidence showed that act oc-

curred on the date stated in the information and appellant defended on that basis.

K. S. A. 22-3201 (2) provides in part:

". . . The precise time of the commission of an offense need not be stated in the indictment or information; but it is sufficient if shown to have been within the statute of limitations, except where the time is an indispensable ingredient in the offense."

Time is not an indispensable ingredient of the offense charged (*State v. Snyder*, 126 Kan. 582, 270 Pac. 590); hence the instruction complained of correctly stated the law. It did not tell the jury to disregard appellant's evidence. *State v. Jones*, 204 Kan. 719, 466 P. 2d 283, presented a situation similar in several respects. There the defendant was convicted by a jury of the offense of statutory 'rape of his stepdaughter. The offense was eventually alleged to have occurred "on or about or between the 6th day of April, 1968, and the 12th day of April, 1968". The defendant at trial objected to the indefinite nature of the charge and to a jury instruction encompassing the same indefiniteness. He also produced evidence establishing an airtight alibi as to some of the time period involved. In rejecting defendant's contention of prejudice in the procedure employed this court stated:

"It has been held where a defendant is not misled or prejudiced in making his defense by the allegation concerning the date of the crime charged, that date is unimportant, and a conviction may properly follow upon sufficient proof of the commission of the offense at any time within the provisions of the statute of limitations.

.   .   .   .   .   .   .   .   .   .   .   .

"In cases of this nature the crucial point is whether the defendant was in any way prejudiced because of the discrepancy in dates or the manner in which the appellant was charged in the information." (pp. 725-726.)

Appellant here has not contended he was misled in the preparation or making of his defense in that which occurred. His contention that the jury was misled by instruction eleven so as to reject his defense to his prejudice is untenable. Couching it in sixth amendment terms does not add to its validity.

Appellant also contends the trial court erred in admitting the rebuttal evidence concerning nude dancing performed for him by the prosecutrix and her minor brothers and sisters and the taking of photographs of the girls in the nude. He further argues in a supplemental brief filed after he became aware of our decision in *Conley* that the conviction upon count two should be reversed because the jury which rendered that verdict also heard the testimony

as to the fondling and touching of the person which allegedly occurred May 26, 1971, as charged in count one. The evidence on this was to the effect that at the time in question appellant had the prosecutrix perform an act of masturbation upon him. There was further evidence introduced by the prosecution in its case in chief that the same thing had occurred about ten or fifteen times before.

We think the evidence complained of was not improperly considered nor is appellant entitled to a new trial by reason either of the rebuttal testimony or the evidence of acts of masturbation received during the prosecution's case in chief as to count one. First we should note the trial court did give an instruction to the jury under K. S. A. 60-455 as to this evidence, limiting its consideration to the element of intent. In his points upon appeal and in his initial brief appellant did not complain in any way about the reception of this evidence or the instruction given, evidently being satisfied that under our rules it was admissible as to count one, the fondling and touching offense. The victim was the same and the previous acts were identical. He urges now, however, since that conviction must be vacated in line with *Conley* that they were so dissimilar as to require reversal and the grant of new trial as to count two. He makes the same argument as to the nude dancing and photographing.

We cannot agree with appellant's contentions. Under our recent holdings in *State v. Gonzales,* 217 Kan. 159, 535 P. 2d 988, and *State v. Hampton,* 215 Kan. 907, 529 P. 2d 127, each of which was a rape case, there was sufficient similarity in the acts of masturbation, which after all were a form of sexual intercourse, to warrant consideration by the jury of that evidence on the element of appellant's intent. Although the reception of evidence of nude dancing and photographs is obviously more questionable, we think no prejudice resulted. When the subject was first broached by the prosecution in its cross-examination there was no objection to the questions put to appellant. This may well be taken as a valid assessment of the harmless nature of the evidence.

The judgment as to count one is reversed with directions to vacate the same. The judgment as to count two is affirmed.

APPROVED BY THE COURT.

FROMME, J., not participating.

PRAGER, J., concurs in the result.