No. 54,479

STATE OF KANSAS, *Appellee*, v. JAMES NOLAN ALDRICH, *Appellant*.

(658 P.2d 1027)

Opinion filed February 19, 1983.

*George R. Docking,* of Kansas City, Kansas, and *David C. McConnell,* of Kansas City, Missouri, argued the cause and were on the brief for appellant.

*Geary N. Gorup,* assistant district attorney, argued the cause, and *Robert T. Stephan,* attorney general, and *Clark V. Owens,* district attorney, were with him on the brief for appellee.

The opinion of the court was delivered by

MILLER, J.: The defendant, James N. Aldrich, was convicted by a jury of causing his ten-year-old stepdaughter to perform acts of oral sodomy upon him in violation of K.S.A. 21-3506. He appeals, asserting error by the trial court in limiting cross-examination, in rejecting a proposed defense exhibit, in admitting certain hearsay testimony, and in instructing the jury.

At trial, defendant's estranged wife, Joyce Aldrich, was called as a witness for the prosecution. Defense counsel proposed to impeach her by inquiring upon cross-examination whether she had once sworn to a false affidavit in order to receive welfare benefits for her children. The court refused to allow such evidence and defendant now claims this was error. K.S.A. 60-422(*d*) provides in substance that evidence of specific instances of a

witness's conduct, relevant only as tending to prove a trait of his or her character, shall be inadmissible. Thus, although a witness's credibility may be attacked by showing that the witness's character traits for honesty and veracity are bad, K.S.A. 60-422(c), such traits may be shown only by opinion testimony or evidence of reputation and not by specific instances of the witness's conduct. *State v. Smallwood*, 223 Kan. 320, 326-27, 574 P.2d 1361 (1978). The trial court properly limited the cross-examination.

Defendant's proposed exhibit No. 1 was a copy of Playgirl magazine, a publication featuring full frontal views of nude males, which defendant claimed was found in the victim's room. He contends that this magazine should have been admitted to impeach the witness. We find no merit in this assertion. Whether the victim had ever seen the magazine would not remotely reflect on her truth or veracity. K.S.A. 60-422(c). Consent or the morality of the victim are not defenses to a charge of aggravated sodomy when the victim is but ten years old. The proffered exhibit was not relevant and was properly excluded.

Detective McDavitt, of the Wichita police department, was permitted to testify, over objection, as to what the victim had told him. The defendant argues that this testimony was inadmissible hearsay. The victim was present at trial and was fully cross-examined by the defendant. The statement made by the victim to the detective tended to show a continuing course of conduct between the victim and the defendant, and would have been admissible if testified to by the victim upon direct examination in this case. *State v. Crossman*, 229 Kan. 384, 387, 624 P.2d 461 (1981). The testimony of Detective McDavitt was admissible hearsay under K.S.A. 60-460(a), and was properly received in evidence. *State v. Taylor*, 217 Kan. 706, Syl. ¶ 7, 538 P.2d 1375 (1975).

Defendant's primary argument on appeal is that the trial court committed prejudicial error in the jury instructions. Before discussing this point, we should present additional background facts.

Count I of the Information filed in this case charges the defendant with committing aggravated sodomy with his ten-year-old stepdaughter on or about November 28, 1981. Count II charges him with the commission of the same offense with the

same child on or about December 1, 1981. The Information was read to the jury by the trial judge, and the two dates were given to the jury during the prosecution's opening statement. All of the State's evidence was targeted on November 28 and either December 1 or December 2. The defendant presented evidence that the victim was not in the home with him on November 28, and that other people were present in the home part of the time on December 1. The jury acquitted the defendant of aggravated sodomy as charged in Count I and convicted him of committing the offense as charged in Count II.

The trial court, in defining the elements of each crime charged, instructed the jury that it must be proved "[t]hat this act occurred in Sedgwick County, Kansas, *within 2 years before December 7, 1981.*" (Emphasis supplied.) December 7 was the date on which the complaint was filed and the prosecution commenced; the two-year period represents that included within the statute of limitations fixed by K.S.A. 21-3106. Defendant contends that the instruction was prejudicial to him because the specific dates were set forth in the Information and defendant presented evidence which would refute the claim that the acts occurred on the dates specified. We note that there was no bill of particulars; the Information, drawn in the usual language, charged only that the acts occurred "on or about" the dates specified.

In *State v. Sisson,* 217 Kan. 475, 536 P.2d 1369 (1975), a case in which the defendant was convicted of taking indecent liberties with his thirteen-year-old stepdaughter by having sexual intercourse with her, the trial court instructed the jury that the phrase "on or about the 13th day of March, 1972" under Count II of the Information in that case means "that the alleged criminal act . . . must have occurred at a time within the statute of limitations" and that the statute of limitations was two years from the date the Information was filed. The appellant's argument in *Sisson* was much the same as the argument here. In *Sisson,* this court rejected the defendant's arguments, and found that defendant was not prejudiced by the instruction because the exact time was not crucial to proving the offense.

As in *Sisson,* we are convinced here that the exact time of the commission of the offense is not an indispensable element of the offense charged. The exact time of the offense need not be

pleaded in the Information. The trial court's instruction therefore properly states the law. See *State v. Kennedy*, 105 Kan. 347, 353, 184 Pac. 734 (1919); and *State v. Bisagno*, 121 Kan. 186, Syl. ¶ 2, 246 Pac. 1001 (1926). There was no specific evidence that the offense was committed other than on or about the dates specified in the Information, and defendant's argument that he could have been convicted of an act not charged is not persuasive. No other act was specifically described in the evidence.

We do think, however, that the trial court erred; it should have given the elements instruction suggested in PIK Criminal. See PIK Crim. 2d 57.08. The trial court should have specified in the instructions that the offense occurred "on or about the 1st day of December, 1980," as charged in the Information. In light of the evidence that the offense could have occurred on December 2, the trial court could have instructed the jury that the State was not bound to establish that the offense occurred on December 1, but it would meet its burden by establishing that the act occurred "on or about" that date. Since there was no evidence that the offense occurred *after* the filing of criminal charges against the defendant, and no evidence that the offense occurred anywhere near the excluded period *before* the charges were commenced, a specific instruction on the period covered by the statute of limitations was unnecessary.

We do not believe, however, that the court's error in instructing the jury prejudiced the defendant. During its deliberations, the jury inquired whether it would be sufficient to convict if the jury found that the criminal acts were committed not on the dates charged but on November 1 and December 6. The trial court responded that it would. This question, and the court's response, indicates that the jury was not misled by the instructions and the defendant suffered no prejudice.

The judgment is affirmed.