**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**DEC 11 1997**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

JOHN E. DOWELL,

     Petitioner - Appellant,

v.

DAVID R. MCKUNE; ATTORNEY
GENERAL FOR THE STATE OF
KANSAS,

     Respondents - Appellees.

No. 97-3231
(D.C. No. 97-3079-DES)
(District of Kansas)

**ORDER AND JUDGMENT**[*]

Before **ANDERSON**, **MCKAY** and **LUCERO**, Circuit Judges.

Petitioner appeals the district court's order dismissing without prejudice his petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. The district court concluded that petitioner failed to exhaust available state remedies on the claims presented in federal court. The district court also found that petitioner failed to make a substantial showing of the denial of a constitutional right and

---

[*]The case is unanimously ordered submitted without oral argument pursuant to Fed. R. App. P. 34(a) and 10th Cir. R. 34.1.9. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

therefore declined to issue a certificate of appealability. <u>See</u> 28 U.S.C. § 2253(c)(2).

After a careful review of the record on appeal, it is unclear whether petitioner did, in fact, satisfy the exhaustion requirement. This determination is irrelevant, however, because we conclude that regardless of whether the claims were exhausted, they are all without merit. <u>See</u> 28 U.S.C. § 2254(b)(2) (authorizing denial of petition on the merits notwithstanding a failure to exhaust).

Petitioner raises four issues on appeal. He claims that he was convicted under an unconstitutional state statute, denied a speedy trial, denied effective assistance of counsel, and convicted on the basis of perjured testimony. None of these issues has merit.

Petitioner was convicted in the state of Kansas of aggravated incest for engaging in "any lewd fondling, as described in subsection (a)(1) of K.S.A. 21-3503." Kan. Stat. Ann. § 21-3603(a)(2)(B). Petitioner contends that § 21-3503(a)(1) is unconstitutionally vague, citing to <u>State v. Conley</u>, 531 P.2d 36 (Kan. 1975). Although <u>Conley</u> did hold that § 21-3503 contained unconstitutionally vague language, the legislature subsequently modified the statute and the modified language was held to be constitutional by the Supreme Court of Kansas. <u>State v. Voiles</u>, 601 P.2d 1121, 1124 (Kan. 1979) (citing <u>State v. Wells</u>, 573 P.2d 580 (Kan. 1977)).

Petitioner contends that he was denied the right to a speedy trial pursuant to Kan. Stat. Ann. § 22-3402(1), (4) and §§ 22-4301 to -4303 because of the length of time his case was under appellate review. Because the statutes cited by petitioner are not applicable to the appellate process, we reject this claim.

Petitioner claims that he was denied effective assistance of counsel by both trial and appellate counsel for their failure to assert the unconstitutionality of the statute and the denial of the right to a speedy trial. Because we hold that neither claim is meritorious, petitioner cannot demonstrate either deficient performance of counsel or prejudice. See Strickland v. Washington, 466 U.S. 668, 687 (1984).

Finally, petitioner argues that a prosecution witness committed perjury. The credibility of witnesses is a determination to be made by the jury, and we will not second-guess this determination. See United States v. Youngpeter, 986 F.2d 349, 353 (10th Cir. 1993).

We DENY petitioner's application for a certificate of appealability and DISMISS the petition with prejudice.

The mandate shall issue forthwith.

ENTERED FOR THE COURT


Carlos F. Lucero
Circuit Judge


- 3 -