NOT DESIGNATED FOR PUBLICATION

No. 117,130

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

BECKY NEITZKE,
*Appellant*.

MEMORANDUM OPINION

Appeal from Kingman District Court; LARRY T. SOLOMON, judge. Opinion filed December 1, 2017. Affirmed.

*Mark T. Schoenhofer*, of Wichita, for appellant.

*Natalie Chalmers*, assistant solicitor general, and *Derek Schmidt*, attorney general, for appellee.

Before ATCHESON, P.J., BUSER, J., and BURGESS, S.J.

PER CURIAM: Defendant Becky Neitzke appeals her conviction for driving under the influence in violation of K.S.A. 2014 Supp. 8-1567 following a bench trial on stipulated facts in Kingman County District Court on the grounds the stipulation recited a different date for the offense than did the information charging it. We find no error and affirm the convictions.

Neitzke was charged in an information with driving under the influence on or about April 17, 2015, along with transporting an open container of alcohol and having a

1

suspended or revoked driver's license. She filed a pretrial motion challenging the classification of the DUI as a felony. The district court denied the motion. Neitzke and the State agreed to a bench trial of the DUI charge on stipulated facts. The State also agreed to dismiss the open container and driver's license charges. At the trial, in November 2016, the parties presented the district court with a written stipulation giving the date of the DUI offense as April 17, 2016—a year later than it actually occurred. The district court found Neitzke guilty. Neitzke filed a motion for a judgment of acquittal based on the variance in date between the charging instrument and the stipulation. At the sentencing hearing, the district court denied the motion and sentenced Neitzke. She has appealed.

For her sole issue on appeal, Neitzke reprises her argument that the discrepancy in the date of the offense requires her conviction be reversed. There are no disputed facts bearing on the issue, so it presents a question of law to which we apply unlimited review.

Neitzke argues the conflicting dates deprived the district court of jurisdiction and otherwise deprived her of a fair hearing. She premises her position on the notion that the elements of a crime include the date on which it happened. The assertion, however, is incorrect. *State v. Stafford*, 296 Kan. 25, 55, 290 P.3d 562 (2012). Although the State must prove the approximate date of a crime beyond a reasonable doubt, the date is not an element of the criminal conduct. The purpose is to establish when the crime occurred and, thus, to defuse any statute of limitations bar. 296 Kan. at 55; *State v. Aldrich*, 232 Kan. 783, 785-86, 658 P.2d 1027 (1983). Neitzke doesn't claim a statute of limitations defense.

A variance between the date of a crime recited in the charging document and the proof at trial is otherwise irrelevant unless it results in actual prejudice to the defendant. *Stafford*, 296 Kan. at 55. For example, a shift in dates might seriously impair an alibi defense. See *State v. Hinchsliff*, No. 103,608, 2011 WL 4031502, at *7 (Kan. App. 2011) (unpublished opinion) (recognizing impermissible prejudice in amendment during trial to

2

change date of offense when accused offers alibi defense); *State v. Riffe*, 191 N.C. App. 86, 94, 661 S.E.2d 899 (2008) (same). Neitzke has not outlined any actual prejudice. Nor do we perceive any.

In short, the discrepancy in dates is of no material legal or factual consequence in this case. The district court correctly denied Neitzke's motion. In turn, Neitzke has presented no basis on appeal for upsetting her conviction.

Affirmed.